No. 10,492.

## LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. GRUBB.

CHANGE OF VENUE.—*Payment of Costs.—Excuse for Failure to Pay.*—The statute (R. S. 1881, section 413) is explicit that a party to whom a change of venue is granted, who fails to pay the costs thereof within the time fixed by the court, loses his right to the change. That the clerk failed to inform the party of the amount of costs, according to promise, can not excuse the failure to pay.

SUPREME COURT.—*Instructions.—Evidence.*—A judgment which, it appears affirmatively, is right upon the evidence, will not be reversed for erroneous instructions.

From the Washington Circuit Court.

*D. M. Alspaugh* and *J. C. Lawler*, for appellant.

*S. B. Voyles* and *H. Morris*, for appellee.

BEST, C.—The appellee brought this action to recover the value of stock alleged to have been killed by the cars of appellant, upon its road at a point where the same was not securely fenced. An issue was formed and a trial had, which resulted in a judgment for the appellee. A motion for a new trial was overruled, and this ruling is assigned as error.

The grounds of the motion for a new trial are that the court erred in overruling the appellant's motion for a change of venue; that it erred in giving instructions numbered from one to six inclusive; that the verdict is not sustained by sufficient evidence, and is contrary to law. These will be considered in the order of their statement.

On the 5th day of April, 1882, the court, upon an affidavit filed in behalf of appellant, ordered the venue of said cause to be changed to the Jackson Circuit Court, upon the payment of costs within ten days from that time. The costs were not paid within the time, and, on a motion thereafter made by the appellee to rescind the order for a failure to pay the costs, the appellant produced the affidavits of its attorney and of the clerk, showing that the attorney had the money with which to pay the costs; that immediately after the order for a change of the venue was made he called upon the clerk and requested him to make the transcript, and then to let him know the amount of costs; that the clerk informed him that he would make the transcript as soon as he could, and would then inform him of the amount of costs; that the transcript was made out within seven days, but the clerk did not inform the appellant's attorney of the amount of costs until the 20th day of April, when the same were paid. Upon this showing the court rescinded the order for a change of the venue, and proceeded to try the cause. Did the court err in thus annulling the order?

The venue of this cause was ordered to be changed, on the ground, as stated in appellant's affidavit, that an odium attached to appellant and to its defence, and in such case section 413, R. S. 1881, provides that "the court * * * shall designate the county to which the venue shall be changed,

* * * and shall prescribe the time within which the appli-
cant shall pay the costs of the change; and the clerk of the
court in which the suit is pending, as soon as the costs of the
change are paid, shall forthwith transmit all the papers and a
transcript of all the proceedings to the clerk of the court of
the county to which the venue is changed," etc.   It further
provides, that "If the party fail to pay the costs of the change
within the time prescribed by the court, he shall be taxed with
all the costs made in the case up to the time of such failure,
and shall not be entitled to a change of venue from the county."

This statute is explicit and not open to construction.   It
provides that unless the costs are paid within the time limited
the party shall not be entitled to a change though an order
has been made.   The appellant did not pay the costs within
the time limited, and, therefore, by the terms of the statute,
was not entitled to a change.   The statute imposes this duty
upon the applicant, and a failure to discharge it forfeits the
right to the change.   Merely requesting the clerk to inform
the appellant of the amount of the costs, and a promise by
him to do so when the transcript was completed, without pay-
ing any further attention to the matter during the time limited,
was not a compliance with the statute; nor were the promise
of the clerk, and his failure to inform the appellant of the
amount of costs within the time limited, tantamount to a
payment.   There was, therefore, no error in this ruling.

The appellant does not claim that the instructions given
were erroneous as abstract propositions of law, but insists
that they were not applicable to the case made by the evidence,
and for that reason contends that it was error to give them.
The portion of the instructions of which complaint is made
informs the jury that it is the duty of the appellant to fence
its road when it runs parallel with a highway, if there is suf-
ficient room between its track and the highway.   The cattle, in
this case, passed from a field adjoining the railroad through an
insufficient fence, and were killed.   Under these circumstances
the appellant was clearly liable, and we do not think the in-

structions mentioned in any manner injured the appellant. Again, it is not insisted that the damages assessed were excessive, and as it is apparent from the evidence that the road was not securely fenced where the appellee's cattle entered upon it and were killed by the cars of appellant, the judgment was right, and in such case erroneous instructions will not warrant a reversal.

It is also insisted that the evidence does not show that the road belonged to or was operated by the appellant. The appellee, in speaking of the appellant, designated it as the Louisville, New Albany and Chicago Railroad, instead of Railroad Company, and it is said that this was not enough. However this may be, the appellee also testified that his cattle were killed upon the only railroad in his township, and that such railroad belonged to the appellant. This was sufficient. We have now noticed all the questions made, and as there is no error in the record the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.