STATE EX REL. BELL *v.* MILLER, JUDGE.
[No. 26,854. Filed May 18, 1937.]

*M. Edward Doran,* and *Walter R. Arnold,* for appellant.

*Robert R. Miller,* for appellee.

TREMAIN, C. J.—This is an original action for mandamus in which the essential facts are undisputed. The respondent, Robert R. Miller, is judge of the Fulton Circuit Court. On the 19th day of October, 1935, a civil action was pending in that court, wherein the relator was plaintiff and one King was defendant. On that date the relator filed a motion and affidavit for a change of venue from the county, which was then and there granted by the court. Thereafter no steps were taken in the cause by either party until the 8th day of January, 1937, when the court entered a dismissal of the cause, and in justification of the dismissal says that neither the plaintiff, Bell, nor his attorney, nor any per-

son in his behalf requested the court, in any manner or form, to complete the change; that because of the delay of more than one year and two months upon the part of the plaintiff in demanding a perfection of the change, the cause was dismissed. Within a short time after the dismissal, the relator, Bell, plaintiff below, filed a motion to expunge the order of dismissal from the record, which motion was presented to the court and denied.

The record does not disclose any reasons for the delay in perfecting the change, either upon the part of the plaintiff, defendant, or the court. As far as is disclosed, the parties may have been negotiating a settlement, ill, absent from court for some justifiable reason, or any other cause, except the respondent says in his response:

> "Respondent admits that because of his preoccupation with the business of said Fulton Circuit Court he neglected to take any further action relating to said change of venue within the time prescribed by statute."

It is the theory of the relator that when the change of venue was granted, the duty was cast upon the respondent to perfect the change as provided by statute. It seems to be the theory of the respondent that it was the duty of the relator to appear in court and demand that the respondent proceed to submit names of adjoining counties.

The question involved is controlled by section 2-1408 Burns Ind. St. 1933, section 192 Baldwin's Ind. St. 1934, which provided:

> "If the parties to such action shall agree in open court, within three (3) days from the filing of the affidavit or motion for change of venue, upon the county to which the venue of such action shall be changed, it shall be the duty of the court to send, transfer and venue such action to such county. In the absence of such agreement, it shall be the duty of the court, within two (2) days thereafter, to

submit to the parties a written list of all the counties adjoining the county from which the venue is changed, and the parties, within two (2) days thereafter, shall each alternately strike off the names of all such counties except one."

The action shall be sent to the county not stricken off. If either party fails to strike off such names within the time limited, then the clerk of the court shall strike off the counties for such party.

Pursuant to this statute, it is the opinion of the court that the duty was upon the respondent to proceed as directed by statute; that the cause should not have been stricken from the docket, but the names of adjoining counties should have been submitted and the statute followed. *State ex rel. Burdge* v. *Cummings* (1935), 208 Ind. 292, 195 N. E. 879; *State ex rel. Wood* v. *Carlin, Judge* (1935), 208 Ind. 680, 197 N. E. 825; *State ex rel. Ray* v. *Veneman* (1936), 209 Ind. 575, 200 N. E. 216; *State ex rel. VanHorne* v. *Sullivan* (1934), 206 Ind. 304, 188 N. E. 672; *State ex rel. White Water, etc.* v. *Hoelscher, Judge* (1935), 208 Ind. 334, 196 N. E. 1.

It is therefore ordered that said cause be reinstated upon the docket of the Fulton Circuit Court, and that the statute prescribing the method for perfecting the change be followed by a submission of the names of adjoining counties to be stricken off. The alternative writ heretofore issued is made absolute.