STATE EX REL. BICKEL ET AL. *v.* LAKE SUPERIOR COURT, ROOM THREE, EGAN, JUDGE, ETC.

[No. 29,771.   Filed May 4, 1959.]

*Porter R. Draper* and *Stults, Gibson, Custer & Draper,* of counsel, all of Gary, for relators.

*Edward L. Burke,* of Gary, for respondents.

ARTERBURN, J.—This is a petition for a writ of mandate. We issued an alternative writ mandating the respondent court in Cause Number 358-2099, entitled Joseph T. Helling vs. Wilmer Bickel and Margaret Bickel, et al., pending in the respondent court to expunge an order vacating a previous order granting the relators a change of venue. The alternative writ further directed the lower court to reinstate the order for a change of venue in the cause and to submit to the parties a list of the counties for striking, in accordance with Rule 1-12B of this court.

From the petition and response thereto we find the facts to be that the relators (defendants below) filed a motion for a change of venue from the county in the trial court on December 30, 1958. It is agreed by the parties that the cause in the trial court was a proper proceeding in which a change of venue from the county could be taken and that the change of venue was timely filed.

On January 5, 1959 the trial court (respondent herein) granted the motion for a change of venue *and at the same time* named Jasper, Porter and Newton Counties as, "all the counties adjoining the county from which the venue is changed." (Rule 1-12B) The record shows that the relators (defendants below) were present in court at the time the counties were named. The record further shows that nothing having been done by the parties with reference to striking or agreeing upon any county pursuant to Rule 1-12B, the plaintiff below, on January 19, 1959 moved the court to strike out the order granting the change of venue and to reassume jurisdiction of the cause because of defendant's failure to strike the name of any county within the time fixed by Rule 1-12B.

The respondent court on February 18, 1959 heard oral argument, thereon, sustained the motion and reassumed jurisdiction of the cause.

The applicable part of Rule 1-12B of this court reads as follows:

"Whenever a change of venue from the county is granted, if the parties to such action shall agree in open court, within three (3) days from the granting of the motion or affidavit for the change of venue, upon the county to which the change of venue shall be changed, it shall be the duty of the court to transfer such action to such county. In the absence of such agreement, it shall be the duty

of the court within two (2) days thereafter to submit to the parties a written list of all the counties adjoining the county from which the venue is changed, and the parties within seven (7) days thereafter, or within such time, not to exceed fourteen (14) days, as the court shall fix, shall each alternately strike off the names of such counties. The party first filing such motion shall strike first, and the action shall be sent to the county remaining not stricken under such procedure. If a moving party fails to so strike within said time, he shall not be entitled to a change of venue, and the court shall resume general jurisdiction of the cause. If a non-moving party fails to strike off the names of such counties within the time limited, then the clerk shall strike off such names for such party. Adopted September 21, 1955. Effective January 2, 1956. Amended May 15, 1958. Effective September 1, 1958."

The relators contend that the trial court failed to perform its duty under Rule 1-12B, "to submit to the parties a written list of all the counties adjoining the county from which the venue is changed" within two days after failure of the parties to agree upon a county. The respondent court in this case followed the quite common and convenient practice of provisionally naming the counties at the time the motion for a change was granted rather than wait the three day period to see if the parties could agree upon a county. The parties were present by counsel at the time and made no objection to such procedure. Under the circumstances there was a sufficient compliance with the rule.

The relators also argue that the court must "submit to the parties a written list" and that can be done only "within" the two day period after a failure to agree on a county. If the relators were dissatisfied by the action of the trial court in this respect, it was their duty to make known their objec-

tions to the trial court and not remain silent at that time, thus giving it an opportunity to correct any claimed error. If this is not done, it is considered waived on appeal. *State ex rel. Barner et al.* v. *White Cir. Ct.* (1958), 237 Ind. 443, 147 N. E. 2d 10; *Widmer* v. *Sweeney et al.* (1955), 234 Ind. 263, 124 N. E. 2d 385.

Since the selection of the counties is not discretionary, but solely a ministerial act, the fact that they are designated at the time the change of venue is granted does no harm. Both parties judicially know what the names of the surrounding counties are that will be submitted.

*State ex rel. Bell* v. *Miller, Judge* (1937), 212 Ind. 151, 8 N. E. 2d 234, is not in point, since in that case there was a failure on the part of the court to name any counties at any time after the granting of the motion for a change of venue.

There is no substance to the argument that the names must be submitted "within" a two day period after the three days have elapsed during which the parties have time to agree. The meaning of "within" is synonymous with "not later than" in the context used.

In the present case the court *provisionally* submitted the list of counties to be the subject of the striking, in event the parties did not agree within the three-day period upon a county to which the change should be taken. It is apparent from the record that the parties reached no agreement within that period. The relators certainly knew they had reached no agreement. The *duty* was then upon the relators in this case to strike first. *State ex rel. City of Indpls.* v. *Sup. Ct. of Mar. Co.* (1955), 235 Ind. 151, 159, 128 N. E. 2d 874, 878. The relators were not delayed or held up by any failure on the part of the court in submitting names of

counties. The failure was on the part of the relators in not striking.

Relators argue that they were at no time aware nor did they have notice of the commencement of the time within which they were to strike. The facts and record do not bear out the relators' contention on that point, since they show the defendants' attorney in the court below was present when the counties were named and also knew he had not agreed upon a county with the opposing party within the time limit. However, regardless of that fact, we have held many times that:

"During the time a court has jurisdiction of the parties in proceeding, they must keep themselves informed of the steps taken in the case and are bound by the court's action therein without special or additional notice." *Clouser et al.* v. *Mock et al.* (1959), 239 Ind. 143, 155 N. E. 2d 745, 747; *Flanders* v. *Ostrom,* Rec. (1933), 206 Ind. 87, 187 N. E. 673.

Rule 1-12B in part says:

"If a moving party fails to so strike within said time, he shall not be entitled to a change of venue, and the court shall resume general jurisdiction of the cause."

In *State ex rel. Goins and Logston* v. *Sommer, J., etc.* (1959), 239 Ind. 296, 156 N. E. 2d 885, 887, in a case involving practically the same question, this court said:

". . . The underlying basis for change of venue should not be to foster and encourage delay by the parties litigant, but unfortunately that is frequently its real purpose. This court should not by court decision enlarge the time fixed by our own rules for taking changes of venue and thereby further impede the wheels of justice. . . ."

A period of time from January 5 to January 19

without any action on the part of the relators and defendants below in striking is certainly beyond the limitation of the rule fixed by this court. *Louisville, New Albany and Chicago Railway Company* v. *Grubb* (1882), 88 Ind. 85; *Furry* v. *O'Connor et al.* (1891), 1 Ind. App. 573, 28 N. E. 103.

The alternative writ is dissolved and petition denied.

Landis, C. J., Achor, Bobbitt and Jackson, JJ., concur.

NOTE.—Reported in 158 N. E. 2d 161.