STATE EX REL. SARGENT & LUNDY *v.* THE VIGO SUPERIOR COURT AND HAROLD BITZEGAIO, JUDGE.

[No. 473S67. Filed May 29, 1973.]

*James J. Stewart, Stewart, Irwin, Gilliom, Fuller & Meyer,* of Indianapolis, for relator.

*Harold J. Bitzegaio,* pro se, for respondent.

ARTERBURN, C.J.—These cases come before this court upon Relator's petition for a writ of mandate against the Respondent. This court issued a temporary alternative writ of mandate and ordered Respondent to show cause why said writ should not be made permanent. We proceed to decide the issues raised in Respondent's answer. Since these cases arise on exactly the same facts, they have been consolidated to expedite our decision.

On December 1, 1972, the Relator filed a motion for change of venue in the Vigo Superior Court. On December 6, 1972, Respondent granted the motion, named the adjoining counties, and ruled that the Relator, Sargent and Lundy, was to strike first. On December 18, 1972, the Respondent resumed jurisdiction of the lawsuit since Sargent and Lundy, the moving party for the change of venue, had failed to strike the name of a county within what Respondent considered was the time allowed by the applicable trial rule, TR. 76(9). The question presented by Relator's petition for a writ of mandate was, therefore, whether the Respondent had lawfully resumed jurisdiction of the cause or whether the Relator had further time to strike since Relator claimed it had never received notification of the court's ruling on its motion for change of venue.

The Respondent asserts that notice of his ruling was mailed to the Relator on December 6,. 1972, and that by computing the time allowed by Trial Rule 76(9), the Relator had until December 16, 1972, to strike, and having failed to do so, the court properly resumed jurisdiction of the cause. Relator argues that it never received any actual notice of the ruling on the motion for a change of venue, and learned about it from a co-defendant who received a postal card postmarked December 11, 1972, which was made an exhibit

to the Relator's petition for this writ of mandate. By using December 11, 1972 as the commencement of the running of the time the Relator would have until December 24, 1972 to strike and, therefore, Respondent's resumption of jurisdiction on December 18, 1972 was premature. Trial Rule 76, Section (9) provides:

> "Whenever a change of venue from the county is granted, if the parties to such action shall agree in open court, within three [3] days from the granting of the motion or affidavit for the change of venue, upon the county to which the change of venue shall be changed, it shall be the duty of the court to transfer such action to such county. In the absence of such agreement, it shall be the duty of the court within two [2] days thereafter to submit to the parties a written list of all the counties adjoining the county from which the venue is changed and the parties within seven [7] days thereafter, or within such time, not to exceed fourteen [14] days, as the court shall fix, shall each alternately strike off the names of such counties. The party first filing such motion shall strike first, and the action shall be sent to the county remaining not stricken under such procedure. If a moving party fails to so strike within said time, he shall not be entitled to a change of venue, and the court shall resume general jurisdiction of the cause. If a nonmoving party fails to strike off the names of such counties within the time limited, then the clerk shall strike off such names for such party."

Trial Rule 72(D) provides that mailing is notice for all purposes, and Trial Rule 6(E) very clearly provides an additional (3) days if reliance is placed on the mail to give notice.

Some of the confusion in this case results from the type of records kept by the court and the clerk. The respondent judge in this case filed what he calls a journal record, which is his minutes made at the time his acts occurred. This record might be referred to as the minute sheet or minute book of the court which is not made by the clerk. Trial Rule 77(B) provides that the clerk shall keep the record of the court and make the entries as to process, notice and filing and the court's actions. This is the record through which the court speaks and from which certified copies are made to represent

the court's actions. This book is referred to as the civil docket in the Rules as well as by the respondent judge in this case. The copy of the civil docket filed by the respondent judge shows no issuance of notice to the parties involved including the Relator. In our opinion, the court's record fails to show any notice given as required by the Rules. A proper record would be uncomplicated and simple to make, stating that notice was given by mail, or whatever means was used, to certain parties on a certain date. Relator states under oath "that the only notice known by relator to have been issued by the Clerk of the Vigo Superior Court was that sent to relator's co-Defendant, Combustion Engineering, Inc., which relator only learned of after the respondent's ruling resuming jurisdiction; that such notice was issued by the clerk on December 11, 1972, some 5 days after the respondent's ruling on relator's Motion for Change of Venue, as evidenced by the postmark date of such notice, which notice is marked Exhibit 2."

The respondent Judge in this case seeks to rely upon a minute book or journal to establish that notice was given. Upon examination of this journal or minute book with reference to the cases involved here, we find no written statement that notice was given to the parties as claimed by the court. The court, however, contends that there are certain symbols or codes which the clerk used to represent the fact that notice was mailed. These are not made upon the clerk's civil docket, but on the court's minute book or journal. This symbol is a check mark to show that the clerk has re-recorded the entry on the civil docket in the clerk's office. When the notice is given, the respondent Judge says a circle is made around the check mark, "$\sqrt{}$". Regardless of this contention by the court, the symbol does not indicate either the time or the manner of the notice required under the Rules. It is not sufficient that merely a symbol or a code is used to indicate official action of a court or its officers. Especially when, as here, parties are to be affected, the action taken should be

made unambiguous through the use of the English language in the final records through which the court speaks. We point out that this record of symbols and codes referred to is not in the court order book or civil docket recognized by our Trial Rules as the record through which the court can speak. T.R. 77.

It has been held that a mere notation on the back of an affidavit for change of venue (refused by the judge) is not an official record. But such a memorandum might be the basis for a nunc pro tunc official record made by the court and recorded by the clerk. *State ex rel. Thompson* v. *Rhoads* (1946), 224 Ind. 136, 65 N. E. 2d 248.

Respondent contends that in *Cooper* v. *Cooper* (1933), 213 Ind. 221, 12 N. E. 2d 244, this Court held that litigants and attorneys have the duty to take notice of the action of the court in any lawsuit in which they are involved. The principle enunciated in that case was limited by the adoption of the Civil Code of Procedure (1969) providing that the clerk issue notices in cases such as that we have here. Trial Rule 5 (B) (2) provides:

"Service by mail. If service is made by mail, the papers shall be deposited in the United States mail addressed to the person on whom they are being served, with postage prepaid. Service shall be deemed complete upon mailing. Proof of service of all papers permitted to be mailed may be made by written acknowledgment of service, by affidavit of the person who mailed the papers, or by certificate of an attorney. It shall be the duty of attorneys when entering their appearance in a cause or when filing pleadings or papers therein, to have noted on the bench docket or said pleadings or papers so filed the address and telephone number of their office. Service by delivery or by mail at such address shall be deemed sufficient and complete."

For the reasons stated, the alternative writ heretofore issued is made absolute and permanent.

All Justices concur.

NOTE.—Reported in 296 N. E. 2d 785.