ALDERMAN, Chief Justice.
We review the decision in City of Fort Lauderdale v. Nation, 400 So.2d 1275 (Fla. 4th DCA 1981), which has been certified to be of great public importance. The issue is whether municipalities can lower retirement ages, thus adversely affecting the income of public employees who joined a mandatory retirement system at a time when it provided for retirement at an older age. The Fourth District answered this question in the affirmative. We agree and approve its decision.
Kenneth Nation was employed as a firefighter by the City of Fort Lauderdale from March 11, 1957, until his retirement on March 31, 1977. Prior to 1973, he belonged to the City Employees Pension Plan. Effective January 3, 1973, the City abolished the old pension plan and established two new retirement systems — the General Employees’ Retirement System and the Police and Firefighters Retirement System. As a condition of continued employment, firefighters were required to choose either the General Employees’ Retirement System or the Police and Firefighters Retirement Plan. In January 1973, Nation became a member of the Police and Firefighters Retirement Plan and withdrew from the General Retirement System. At that time, the plan provided in pertinent part:
Sec. 31-15. Retirement Dates and Benefits.
(1) Normal Retirement Date.
(a) A Member shall retire on the first day of the month coincident with, or next following the attainment of age fifty (50) and the completion of twenty (20) years of Continuous Service.
(b) A Member must retire on a date not later than his fifty-fifth (55th) birth-date or upon the completion of twenty (20) years service, if later, as regards Members on the Effective Date of this amended Plan. A Member eligible for Normal Retirement who desires to continue in employment beyond his Normal Retirement Date shall make application to the Board and such application for extended service shall be subject to approval by the City Manager upon the recommendation of the Member’s Department Head.
Nation, in early 1977, requested an extension of his employment until his fifty-fifth birthday, which would occur in 1979. He was advised by the Fire Chief and City Manager that he would have to retire in 1977 at the end of 20 years’ service. They based their refusal to allow Nation to continue in his employment beyond 20 years on an amendment to section 31-15(l)(b), effective September 1976, which reads as follows:
(b) Subparagraph (a) immediately preceding notwithstanding, a member eligible for normal retirement prior to and including January 1, 1975, who desires to continue in employment beyond his normal retirement date shall make application to the City Manager through his department head; upon review of the application, the justification, and the department recommendations, the City Manager may approve such an extension, provided however, if such an extension of service is granted it shall be for a period not to exceed one (1) year, and only one such extension may be granted to any member.
Since Nation had not been eligible for normal retirement prior to January 1, 1975, an extension of his employment beyond March 1977 was proscribed by amended section 31-15(l)(a) and (b). Nation did not appeal the City’s action nor did he seek reinstatement as a firefighter.
Nation then sued the City of Fort Laud-erdale for damages. The trial court entered a partial final judgment on the issue of liability in his favor and held that Nation had reached 20 years of service prior to reaching age 55 and that, therefore, under *632 the act in existence at the time he became a member of the Police and Firefighters Retirement System, he should have been allowed to continue his service with the City until age 55. The trial court thereafter entered final judgment in favor of Nation.
The City then appealed to the Fourth District which reversed and held that the City could amend its pension plan to lower the mandatory retirement age at which firemen must retire from 55 to 50 years of age, even though the amendment adversely affected those who became participants when the retirement age was more generous.
The district court, although confident that its result was consistent with the present law in Florida, expressed concern with language utilized by this Court in City of Jacksonville Beach v. State, 151 So.2d 430 (Fla.1963). In that ease, we stated that retirement systems should be sustained on the theory that “they offer an added inducement to those with special skills and techniques to remain in government employment ... and make government service a career rather than a passing interlude .... It is not difficult to conceive how this theory would be exploded if prospective employees were told that, after a short service or a long one, the legislature could, nevertheless, disturb the arrangement anytime it saw fit since all employees in a given category were required to be members of a standard plan. Id. at 431-432.” City of Fort Lauderdale v. Nation, 400 So.2d at 1276-77.
Nation contends that the City of Fort Lauderdale Police and Firefighters System is a voluntary pension plan and that the principle announced by the First District Court and this Court in State ex rel. O’Donald v. City of Jacksonville, 142 So.2d 349 (Fla. 1st DCA 1962), aff’d, 151 So.2d 430 (Fla.1963), applies here. This principle is that benefits provided employees under a voluntary pension plan created by a legislative act may not be modified or reduced by subsequent amendatory act.
We disagree with Nation’s contention and hold that the Fourth District correctly decided that the retirement plan in issue was not voluntary, but rather was mandatory since Nation was required to participate in one of the City’s pension plans and was not free to choose not to participate in the pension scheme. Florida Sheriff’s Association v. Department of Administration, 408 So.2d 1033 (Fla.1981).
Furthermore, we do not find that our earlier decision in City of Jacksonville Beach v. State, wherein we affirmed the First District’s decision in State ex rel. O’Donald v. City of Jacksonville, in any way precludes the result reached by the district court in the present case.
Accordingly, we find that the Fourth District correctly resolved the certified question and approve its decision.
It is so ordered.
BOYD, OVERTON, SUNDBERG, MCDONALD and EHRLICH, JJ., concur.
ADKINS, J., dissents.