**Jennie P. GAYDA, Appellant (Respondent Below),**

v.

**Richard J. GAYDA, Appellee (Petitioner Below).**

No. 3–282A25.

Court of Appeals of Indiana, Third District.

Nov. 18, 1982.

Donald P. Levinson, Merrillville, for appellant.

Steve H. Tokarski, Gary, for appellee.

HOFFMAN, Presiding Judge.

Jennie Gayda appeals the trial court's denial of her motion for change of venue from the judge in a dissolution proceeding. Jennie asserts that the trial court's judgment in the dissolution must be reversed, and the case remanded for a new trial.

Jennie filed a motion for change of venue from the judge on June 29, 1981. The trial court granted the motion on the same day and listed a panel of judges. Jennie struck from the panel. Richard failed to strike, and on July 16, the Clerk of the Lake Superior Court struck for him, leaving the Honorable Morton B. Kanz, who qualified as special judge. The clerk was ordered to notify counsel for Richard, and this was the first notification he received of the change of venue from the judge.

On July 22, Richard filed a motion to strike change of venue from judge. On August 12, after holding a hearing, Judge Kanz found that there was no provision in the rules for the clerk to strike for a party in the case of a change of judge. Judge Kanz disqualified himself and ordered the entire file be sent back to Judge Danikolas.

On August 19, Judge Danikolas held a hearing on the motion to strike and ultimately granted the motion. The court held that Richard had not been served with a copy of the motion for change of venue from the judge nor did Jennie's attorney file a certificate of service showing Richard's attorney was served. The court ordered the motion for change of venue from the judge stricken on the basis that it had not been timely filed.

On August 20, Jennie again filed for a change of venue from the judge. A hearing was held on September 25, and Judge Danikolas denied the motion and found it was untimely filed.

On October 16, 1981, the trial court issued its Dissolution of Marriage Decree. Jennie raises no issue as to the final decree or division of property, only the denial of her motion for change of venue from the judge. Richard counters that the judgment is correct because he was not served with a copy of the motion for change of venue from the judge, and therefore, it was untimely filed.

■ Indiana Rules of Procedure, Trial Rule 5 provides in pertinent part:

"(A) Service: When required. Unless otherwise provided by these rules or an order of the court, each party shall be served with . . .

(3) every written motion except one which may be heard ex parte[.]"

A change of venue from the judge *must* be granted by the trial court upon the filing of a motion by one party or his attorney.[1] Ex parte is defined as:

"On one side only; by or for one party; done for, in behalf of, or on the application of, one party only."

Black's Law Dictionary 661 (4th Ed. 1951).

---

1. Ind.Rules of Procedure, Trial Rule 76.

Therefore, Jennie was not required to serve Richard with notice of the motion for change of venue from the judge.

■ The resolution of this appeal is found in Ind.Rules of Procedure, Trial Rule 79. Subdivision (10) provides:

"When it becomes necessary to submit a written list under subdivision (4) of this rule, the presiding judge, within two [2] days after his attention has been called to that fact, shall submit to the party or parties a written list in accordance with subdivision (4) of this rule. The party or parties shall strike from the written list as provided in subdivision (4) of this rule within not less than seven [7] nor more than fourteen [14] days thereafter as the court may allow. If the moving party fails to strike within the time allowed, he shall not be entitled to a change of venue from the judge and the presiding judge shall resume jurisdiction over the case. *If the non-moving party fails to strike within the time allowed, the clerk shall strike for him.*" (Emphasis added.)

Therefore, Judge Kanz was properly qualified as special judge. He was mistaken in finding that there was no provision in the rules for the clerk to strike for a party in the case of a change of judge.

However, Judge Kanz did disqualify himself and returned the cause to Judge Danikolas, who lost jurisdiction even for emergency matters once Judge Kanz was qualified. This led to another error which would also have been avoided had TR. 79 been adhered to. Subdivision (4) contains the answer to this dilemma:

"If neither method provided for by subdivisions (2) or (3) for the selection of a special judge be adopted, then the presiding judge, or if there be no such judge, the regular judge of the court, shall submit a list of three [3] persons from which, by striking, an appointee may be selected. In an adversary proceeding each party shall strike one [1] name and in an ex parte proceeding said party shall be entitled to strike one [1] name from such list. The moving party shall strike first. From the name or names remaining the judge submitting such list shall select and appoint the special judge.

"In cases other than those enumerated in subdivision (1) where a judge on his own motion disqualifies himself, the plaintiff side shall strike first. *If the special judge selected hereunder qualifies then subsequently becomes disqualified by reason other than the filing of a motion for change from the judge, or disqualifies himself, such fact shall be certified to the Supreme Court which thereupon shall appoint a special judge.*" (Emphasis added.)

This cause must therefore be reversed because Judge Danikolas was without proper jurisdiction to decide the matter. It should have been certified to the Supreme Court for the appointment of a special judge.

Reversed.

GARRARD, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I agree with the Majority that Judge Danikolas did not have jurisdiction to issue the dissolution decree. However, I disagree with the Majority's belief that the facts concerning Judge Kanz's failure to hear this case should have been certified to the Indiana Supreme Court for the appointment of a special judge pursuant to Ind. Rules of Procedure, Trial Rule 79(4). Instead, this cause should be remanded to Judge Danikolas with instructions that he follow the clear language of TR. 79(10). Under that rule, he is required to submit to Jennie and Richard a written list of three persons from which the special judge is to be selected.

TR. 79(10) requires that Richard be given notice of the special judge list. TR. 79(10) provides in pertinent part that "the presiding judge, . . ., shall submit to the party or parties a written list in accordance with subdivision (4) of this rule." It is undisputed that Judge Danikolas did not give Richard notice of this list as required by TR. 79(10).

Because Judge Danikolas did not give Richard notice of the special judge list as required by TR. 79(10), the trial court clerk could not strike a name from the list for Richard. The last sentence of TR. 79(10) states: "If the non-moving party fails to strike within the time allowed, the clerk shall strike for him." The Majority strictly applies this sanction against Richard and deduces that since Richard, as non-moving party, failed to strike, TR. 79(10) allows the trial court clerk to strike for him. This is an incorrect application of TR. 79(10).

In *State ex rel. Sargent & Lundy v. Vigo Superior Ct.* (1973), 260 Ind. 472, 296 N.E.2d 785, our Supreme Court refused to strictly apply the similar "strike" provision of TR. 76(9), which provides for change of venue from the county. TR. 76(9) states that "it shall be the duty of the court . . . .to submit to the parties a written list of [possible counties] . . ." and "[i]f a moving party fails to so strike within said time, he shall not be entitled to a change of venue, and the court shall resume general jurisdiction of the cause." Despite this language in TR. 76(9), our Supreme Court held that the trial court could not resume jurisdiction when the moving party failed to strike, because the trial court had not given the moving party notice of the list of counties.

The sound reasoning of our Supreme Court in *State ex rel. Sargent & Lundy* is applicable to the present case. To allow the trial court clerk to strike for Richard when Richard had no notice of the special judge list would render meaningless the requirement in TR. 79(10) that Judge Danikolas give Richard notice of the list. The trial court clerk is allowed to strike for the non-moving party to expedite completion of the change of judge process. The non-moving party loses the choice of which name to strike if that choice is not timely exercised. Implicit in this sanction is the non-moving party's knowledge of the list from which to strike. Based on these reasons and the holding of *State ex rel. Sargent & Lundy,* the trial court clerk could not strike for Richard, even though Richard failed to timely strike, because Richard did not have notice of the special judge list.

Since the trial court clerk could not strike for Richard, Judge Danikolas had no authority under TR. 79(4) to appoint Judge Kanz as special judge. The purported appointment and qualification of Judge Kanz as special judge was of no effect. Therefore, this cause should be remanded for the selection of a special judge.

On remand, Judge Danikolas should submit to Jennie and Richard a written list of three persons from which the special judge would be selected. This is in accordance with the procedure set forth in TR. 79. Jennie has the right to expect that the trial rules as approved by the Indiana Supreme Court will be followed. "If the failure to obey the clear, explicit dictates of the Indiana Rules of Procedure can be simply dismissed as harmless error, then, the erosion of an orderly judicial system has begun." *Otte v. Tessman* (1981), Ind., 426 N.E.2d 660, 662.

Therefore, I would remand this cause to the trial court with the instruction that the procedure set forth in TR. 79 for the selection of a special judge be followed.