**Anthony TROJNAR, Appellant–Respondent,**

v.

**Carole TROJNAR, Appellee–Petitioner.**

No. 45S03–9808–CV–459.

Supreme Court of Indiana.

Aug. 25, 1998.

Stephen Bower, Cohen & Thiros, Merrillville, for Appellant–Respondent.

Nels A. Kompier, Michael N. Pagano, Funk & Foster, Hammond, for Appellee–Petitioner.

ON PETITION TO TRANSFER

DICKSON, Justice.

This is an appeal from the denial of a party's timely motion for change of judge in a post-dissolution proceeding.

In January, 1994, the appellant-respondent, Anthony Trojnar, requested a change of judge under Indiana Trial Rule 76(B).[1]

---

1. "In civil actions, where a change may be taken from the judge, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney. Provided, however, a party shall be entitled to only one [1]

The Special Judge, Edward P. Grimmer, denied the motion. The Court of Appeals reversed the trial court, finding that the motion for change of judge should have been granted. *Trojnar v. Trojnar*, 656 N.E.2d 287, 290 (Ind.Ct.App.1995). On remand, pursuant to Indiana Trial Rule 79(F)(1),[2] Judge Grimmer named a panel of three eligible judges from which the parties could each strike one of the judges. While not specifying any time within which to strike, he ordered that they strike "pursuant to rule." Record at 27. The applicable rule provided that an order naming a panel of judges for striking may allow the parties up to fourteen days to strike. Ind.Trial Rule 79(F)(2). Judge Grimmer named the panel on December 1, 1995 and transmitted the order to the Clerk's office on December 4. However, the Clerk's office did not mail the order to the respondent until December 18, fourteen days after it received the order from Judge Grimmer. The appellant's attorney received the order on December 19 and immediately struck one of the judges on December 20. The strike was received by the Clerk's office on December 21. However, December 21 was more than fourteen days after Judge Grimmer had named the panel.

Judge Grimmer found that the appellant's motion to strike was not timely filed because

Trial Rule 79(F)(2) "is not predicated upon service of any documents or notice." Record at 45. Judge Grimmer therefore resumed jurisdiction of the post-dissolution case pursuant to Indiana Trial Rule 79(F)(3).[3]

The appellant filed a motion for relief under Indiana Trial Rule 72(E),[4] arguing that he was entitled to relief because the Clerk failed to mail copies of the orders in a timely manner, thereby preventing him from complying with the fourteen day time limit. Judge Grimmer denied this motion as well. The appellant then filed a request for certification allowing an interlocutory appeal of the ruling regarding the change of judge. Judge Grimmer granted the certification, but conditioned it upon the appellant posting a cash bond in the amount of $7,000. For reasons undisclosed by the record, the interlocutory appeal was never perfected.

Following a hearing on the merits of the post-dissolution action, this appeal was taken.[5] The Court of Appeals affirmed the trial court, *Trojnar v. Trojnar*, 676 N.E.2d 1094 (Ind.Ct.App.1997), finding, *sua sponte*, that the appellant waived his appeal regarding the change of judge motion by failing to perfect immediately an interlocutory appeal. *Id.* at 1096–97. The court—over a strong dissent from Judge Staton and contrary precedent from the Court of Appeals [6]—opined

change from the judge. After a final decree is entered in a dissolution of marriage case, a party may take only one change of judge in connection with petitions to modify that decree, regardless of the number of times new petitions are filed." Ind.Trial Rule 76(B).

2.  "Within two (2) days of deciding that a special judge must be appointed under this section, the judge before whom the case is pending shall submit a panel of three persons eligible under Section J to the parties for striking. In the event the judge before whom the case is pending is unavailable to submit the panel, the regular judge of the court where the case is pending shall submit the panel to the parties." Ind.Trial Rule 79(F)(1).

3.  "If the moving party fails to timely strike, the judge who submitted the panel shall resume jurisdiction of the case." Ind.Trial Rule 79(F)(3).

4.  The Trial Rule provides, "Lack of notice, or the lack of the actual receipt of a copy of the entry from the Clerk shall not affect the time within which to contest the ruling, order or judgment, or authorize the Court to relieve a party of the

failure to initiate proceedings to contest such ruling, order or judgment, except as provided in this section. When the mailing of a copy of the entry by the Clerk is not evidenced by a note made by the Clerk upon the Chronological Case Summary, the Court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel. Such extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation." Ind.Trial Rule 72(E).

5.  Although Trojnar raised two issues on appeal, we find dispositive the issue involving change of judge and, therefore, do not address his second issue regarding the trial court's abuse of discretion in refusing a continuance.

6.  *See Osmulski v. Becze*, 638 N.E.2d 828, 831 n. 3 (Ind.Ct.App.1994) (because T.R. 76 is not specified in Appellate Rule 4(B) as mandatory, and it is not a judgment on merits, it does not require immediate interlocutory appeal).

that, because Indiana Trial Rule 75 (pre-ferred venue) involves the same concerns as Trial Rule 76 and, because Indiana Appellate Rule 4(B)(5) requires that a mandatory inter-locutory appeal be taken when Trial Rule 75 is involved,[7] Trial Rule 76 is implicitly includ-ed in the mandatory requirement of Appel-late Rule 4(B)(5). *Trojnar,* 676 N.E.2d at 1096.

■ In his petition for transfer, the appel-lant contends that the Court of Appeals im-properly decided this issue because an appeal regarding Trial Rule 76 need not be brought in an interlocutory appeal, but may be prop-erly brought in a direct appeal. We agree with the appellant and Judge Staton's dis-senting opinion. Our rule expressly requires mandatory interlocutory appeals only from decisions involving Trial Rule 75. The appel-lant did not waive his appeal by failing to take an interlocutory appeal from Judge Grimmer's Trial Rule 76 ruling.

As noted above, Trial Rule 79(F) provides the procedure to be followed for the selection of a special judge under Trial Rule 76. A panel of three judges is named and the par-ties have up to fourteen days to strike judges from this panel. The issue here is whether the fourteen day period begins to run when the judge names the panel, or when the parties receive notice that the panel has been named.

■ The text of this Rule is dispositive: "Within two (2) days of deciding that a spe-cial judge must be appointed under this sec-tion, the judge ... shall submit a panel ... *to the parties* for striking.... The parties shall have not less than seven (7) days nor

more than fourteen (14) days to strike as the court may allow." T.R. 79(F) (emphasis add-ed). To assure that parties have a reason-able opportunity to exercise the rights af-forded under the rule, the time begins to run when the panel is submitted *to the parties,* not when the panel is submitted by the judge to the Clerk's office.[8] Such submission to the parties means service by the Clerk of a copy of the court order. Thus, the fact that the Clerk's office waited fourteen days to mail the names to the parties cannot divest the appellant of the fourteen days allotted to strike. Accordingly, the appellant's striking was not untimely filed, and Judge Grimmer should not have resumed jurisdiction over the matter. *Accord State ex rel. Sargent & Lundy v. Vigo Superior Court,* 260 Ind. 472, 296 N.E.2d 785 (1973).[9]

■ The appellee also contends that the appellant is not entitled to relief under Indiana Trial Rule 72(E) because the chrono-logical case summary shows that notice was eventually sent by the Clerk. Brief of Ap-pellee at 5. This rule generally provides that "[l]ack of notice ... from the Clerk shall not affect the time within which to contest the ruling, order or judgment, or authorize the Court to relieve a party of the failure to initiate proceedings to contest such a ruling, order or judgment." Ind. Trial Rule 72(E). However, when the Clerk's mailing of a rul-ing is not evidenced on the Chronological Case Summary ("CCS"), the trial court may grant an extension of "any time limitation within which to contest such ruling, order or judgment to any party who was without actu-al knowledge, or who relied upon incorrect

---

7. "[A]ppeal from interlocutory orders shall be taken to the Court of Appeals in the following cases: ... (5) Transferring or refusing to transfer a case pursuant to Trial Rule 75." Ind.Appellate Rule 4(B)(5).

8. Although not in effect during the proceedings in the case at bar, we note that this Trial Rule was recently amended to provide, "The parties shall have not less than seven (7) days nor more than fourteen (14) days *from the time the clerk mails the panel to the parties* to strike as the court may allow." Ind.Trial Rule 79(F)(2) (em-phasis added), *effective January 1, 1998.*

9. In *Sargent,* this court reversed the trial court's resumption of jurisdiction after the trial court

held that the Relator made an untimely strike for purposes of change of venue.' The trial court maintained that its internal records showed that notice had been sent on December 6 and, there-fore, the Relator had until December 16 to strike. The Relator claimed that he first received notice postmarked December 11—when he saw corre-spondence sent to the codefendant—and there-fore had until December 24 to strike. However, because the clerk's docket did not contain any notation that notice was given on December 6, we held that the notice given on December 11 was the notice which governed and, therefore, the Relator should have had until December 24 to strike. *Sargent,* 260 Ind. at 475, 296 N.E.2d at 787.

representations by Court personnel." *Id.* Noting that an exception to the strict "lack of notice" provision was adopted "to provide essentially that counsel could rely on the clerk's office to send notice and if such notice was not received, to provide an avenue through which to challenge the mailing of the notice," this Court in *Markle v. Indiana State Teachers Ass'n,* 514 N.E.2d 612, 614 (Ind.1987), affirmed the grant of such relief where the court's docket (predecessor to the CCS form now in use) failed to contain a notation assuring that the questioned court orders had been mailed. *Id.* However, relief was not permitted in *Collins v. Covenant Mut. Ins. Co.,* 644 N.E.2d 116 (Ind.1994), because the CCS contained the Clerk's notation showing that the court's order was mailed to the parties. As a result of Trial Rule 72, *Markle,* and *Collins,* lawyers may rely on the Clerk's office to send the court's rulings, and thus, their burden to check regularly the records of each court in which they have a pending case is lessened, although a proper Clerk's notation on the CCS will presumptively establish the fact that notice was mailed.

The "lack of notice" provision in T.R. 72(E) does not apply in the present case because notice was, in fact, mailed. Furthermore, by its express terms, the rule states that lack of notice "shall not affect the time within which *to contest* the ruling, order or judgment." T.R. 72(E) (emphasis added). Here, the appellant's exercise of his right to strike from the panel of judges did not "contest" the naming of the panel. The rule does not apply to preclude the appellant's right to timely strike following submission of the panel to the parties.

Transfer is granted, thereby vacating the opinion of the Court of Appeals. Ind.Appellate Rule 11(B)(3). Because the appellant timely struck from the panel of judges named by the trial court, it was error for Judge Grimmer to disregard it and to resume jurisdiction. Any subsequent rulings are hereby vacated. This cause is remanded for the reinstatement of the appellant's strike, the resumption of the selection of a special judge, and for further proceedings consistent with this opinion.

SHEPARD, C.J., and SULLIVAN, SELBY and BOEHM, JJ., concur.