753 So.2d 591 (2000)
Robert Eugene THOMAS, et al., Appellants,
v.
CITY OF MIAMI BEACH, Florida, a municipal corporation, Appellee.
No. 3D99-1207.
District Court of Appeal of Florida, Third District.
January 12, 2000.
Rehearing Denied April 19, 2000.
Joel Hirschhorn; Robert D. Klausner and Adam P. Levinson (Plantation), for appellants.
Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick and James C. Crosland and Denise M. Heekin and John A. Walker and Marlene Quintana Morales, Miami, for appellee.
Before SCHWARTZ, C.J., and COPE and LEVY, JJ.
PER CURIAM.
We agree with the trial court both that the City of Miami Beach was permitted by the substantive law to effect a prospective reduction in the benefits payable under the alternative pension plan chosen by the appellant-employees as a matter of their own preference over the existing mandatory plan, see Nation v. City of Fort Lauderdale, 419 So.2d 630 (Fla. 1982); Voorhees v. City of Miami, 145 Fla. 402, 199 So. 313 (194C); Grady v. Division of Retirement, 387 So.2d 419 (Fla. 1st DCA 1980), and that the City was not equitably estopped to assert that position. See North Am. Co. v. Green, 120 So.2d 603 (Fla. 1959); City of Coral Springs v. Broward County, 387 So.2d 389 (Fla. 4th DCA 1980); Department of Revenue v. Hobbs, 368 So.2d 367 (Fla. 1st DCA 1979), appeal dismissed, 378 So.2d 345 (Fla. 1979).
Affirmed.
SCHWARTZ, C.J., and LEVY, J., concur.
COPE, J. (dissenting).
I would reverse the summary judgment and remand for a trial on the estoppel issue.
The appellants are present and former City of Miami Beach employees. In 1988, the City of Miami Beach invited them to switch from their existing general employees retirement plan to a newly created unclassified plan which offered higher benefits.
In 1992, the City's Pension Systems Review Committee recommended a number of changes to the City's pension plans. At the time the plaintiff employees transferred into the unclassified plan in 1988, the maximum benefit at retirement was ninety percent of average final compensation. As a result of the 1992 recommendations, the City Commission reduced this benefit to eighty percent of average final compensation.
The employees say, and the record sufficiently reflects, that if they had remained in the original planthe general employees' planthey would still be eligible to retire at ninety percent of average final compensation, not eighty percent.[*] They were induced to transfer because in 1988 the unclassified plan offered higher benefits. Hard on the heels of the transfer, the City reduced the benefits so the transferring employees are worse off now than if they had not transferred.
I agree with that part of the majority opinion which reasons that the City's pension *592 plans are properly viewed as mandatory plans, and that the City can modify these plans on a prospective basis. What we should not accept is the unfair treatment meted out to these particular employees. When these employees were offered the opportunity to transfer into the unclassified plan, with its attendant higher level of benefits, plainly the offering of that option carried with it the implied assurance that they would be dealt with fairly and certainly that they would not be made worse off than if they had never transferred.
Reading the summary judgment record in the light most favorable to the employees, there is a triable issue over whether the City should be estopped to deny this benefit level to these particular employees, or at least afford these employees the option to transfer back to their original plan. See Branca v. City of Miramar, 634 So.2d 604 (Fla.1994). In Florida law, the doctrine of estoppel is available against the government. See Hollywood Beach Hotel v. City of Hollywood, 329 So.2d 10, 18 (Fla.1976).
This court in the past has condemned "gotcha" litigation tactics. See Salcedo v. Asociacion Cubana, 368 So.2d 1337, 1339 (Fla. 3d DCA 1979). "Gotcha" administrative practices should fare no better.
NOTES
[*] At the summary judgment argument in the trial court, there was a dispute about whether the ninety percent versus eighty percent disparity was properly reflected in the record. The benefit level for the unclassified plan is in the record. The employees correctly argued that the ninety percent benefit level for the general employees plan is properly a subject of judicial notice because it is reflected in the city code.