**In re The Matter of the Marriage of Lynette J. WOLFE n/k/a Lynette J. Schultz, Appellant–Petitioner,**

v.

**Garry A. WOLFE, Appellee– Respondent.**

No. 75A05–0303–CV–098.

Court of Appeals of Indiana.

Aug. 22, 2003.

---

Kevin C. Tankersley, Winamac, IN, Attorney for Appellant.

Laura A. Bernacki Stafford, Nichols Wallsmith & Weaver, Knox, IN, Attorney for Appellee.

**OPINION**

SHARPNACK, Judge.

Lynette Schultz appeals the trial court's denial of her motion for change of judge in a post-dissolution proceeding. Schultz raises one issue, which we restate as whether the trial court properly vacated its prior order granting Schultz's motion for change of judge and resumed jurisdiction of the case after finding that the striking of the judges had not been timely completed as required under Indiana Trial Rule 79. We affirm.

The relevant facts follow. Schultz filed a motion for change of custody on March 25, 2002. On April 5, 2002, Schultz moved for a change of judge. On April 11, 2002, the trial court granted Schultz's motion and appointed a panel of three judges from which each party was ordered to strike one name within fourteen days. That same day, the trial court clerk sent a copy of the trial court's order to counsel for each party. On April 24, 2002, Schultz struck one of the judges from the panel. Wolfe did not file a motion to strike a judge, and Schultz did not request the clerk to strike a judge for Wolfe. On May 1, 2002, the trial court vacated its order granting Schultz's motion for change of judge and resumed jurisdiction. Schultz filed a motion to vacate the trial court's order resuming jurisdiction, which the trial court denied.

Thereafter, the trial court held a hearing on Schultz's motion for change of custody

and denied her motion. Schultz filed a motion to correct error from the trial court's denial of her change of custody motion. The trial court held a hearing on Schultz's motion to correct error, and the motion was denied.

In this appeal, Schultz only challenges the trial court's order vacating the change of judge order and resuming jurisdiction of the case. She does not challenge the trial court's denial of her change of custody motion or the denial of her motion to correct error.

■ The sole issue is whether the trial court properly vacated its prior order granting Schultz's motion for change of judge and resumed jurisdiction of the case after finding that the striking of the judges had not been timely completed as required under Indiana Trial Rule 79. A ruling on a motion for change of judge rests within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of that discretion. *Carter v. Knox County Office of Family and Children,* 761 N.E.2d 431, 434 (Ind.Ct.App.2001).

Indiana Trial Rule 79 provides, in pertinent part, that:

\* \* \* \* \* \*

**(D) Agreement of the parties.** Within seven (7) days of the order granting a change of judge or an order of disqualification, the parties may agree to an eligible special judge. The agreement of the parties shall be in writing and shall be filed in the court where the case is pending. Alternatively, the parties may agree in writing to the selection of an eligible special judge in accordance with Section (H). Upon the filing of the agreement, the court shall enter an order appointing such individual as the special judge in the case and provide notice pursuant to Trial Rule 72(D) to the special judge and all parties or appoint a special judge under Section (H).

\* \* \* \* \* \*

**(F) Selection by Panel.** In the event a special judge is not selected under Sections (D) or (E) of this rule, this section shall be used for the selection of a special judge.

(1) *Naming of Panel.* Within two (2) days of deciding that a special judge must be appointed under this section, the judge before whom the case is pending shall submit a panel of three persons eligible under Section J to the parties for striking. In the event the judge before whom the case is pending is unavailable to submit the panel, the regular judge of the court where the case is pending shall submit the panel to the parties.

(2) *Striking From Panel.* In an adversary proceeding, each party shall be entitled to strike one judge from the panel. In an *ex parte* proceeding, the sole party shall be entitled to strike one judge from the panel.

The moving party shall be entitled to strike first. The parties shall have not less than seven (7) days nor more than fourteen (14) days from the time the clerk mails the panel to the parties to strike as the court may allow.

(3) *Failure to Strike.* If the moving party fails to timely strike, the judge who submitted the panel shall resume jurisdiction of the case. If the case is an *ex parte* proceeding or if a non-moving party fails to timely strike, the Clerk of the Court shall make the final strike.

Schultz argues that the trial court's resumption of jurisdiction was improper. Specifically, Schultz contends that the fourteen-day striking period under Trial Rule 79(F) had not yet expired when the trial court entered its order resuming jur-

isdiction because: (1) the trial court did not allow the parties seven days to agree to a change of judge under Trial Rule 79(D) before it appointed the panel of judges; and (2) the trial court should have computed the fourteen-day striking period from the date Schultz actually received the order because the chronological case summary ("CCS") is "deficient" of any notice of when the trial court clerk sent the order to her. Appellant's Brief at 16.

■ First, we address Schultz's argument that the trial court erred by not allowing the parties seven days to agree on a change of judge under Trial Rule 79(D). Trial Rule 79(D) allows that the parties may agree to an eligible special judge within seven days of an order granting a change of judge. Here, the trial court granted Schultz's motion for change of judge and, at the same time, appointed a panel of three judges from which each party was ordered to strike one name within fourteen days. Schultz contends that the trial court should have waited seven days for the parties to fail to agree to a judge before it appointed a panel of judges under Trial Rule 79(F). Schultz argues that because the trial court did not give the parties seven days to agree on a special judge, then she should have gotten an additional seven days to complete the striking process. Schultz's argument is without merit.

Our supreme court addressed a similar matter in *State ex rel. Bickel v. Lake Superior Court,* 239 Ind. 388, 158 N.E.2d 161 (1959). There, the trial court granted a motion for change of venue and, at the same time, named a panel of three counties. *Bickel,* 158 N.E.2d at 163. Neither party objected to the "common and convenient practice" of naming the counties at the time the motion was granted. *Id.* On appeal, the movant argued that the trial court erred by not allowing the parties the

three-day period under the trial rules to agree to new county. *Id.* Our supreme court held that there was sufficient compliance with the rule and that the movant had waived any such argument on appeal because the movant had failed to object to the trial court's action at the time it granted the motion and assigned the panel. *Id.* Our supreme court concluded that the movant had the "duty to make known [her] objections to the trial court and not remain silent at that time, thus giving it an opportunity to correct any claimed error." *Id.*

Like the trial court in *Bickel,* the trial court here granted Schultz's motion for change of venue from the judge and, at the same time, appointed a panel of three judges. Neither party objected to the trial court's act of simultaneously appointing a panel when granting the motion for change of judge. Just as in *Bickel,* the trial court's act of naming a panel when granting the motion sufficiently complied with the rule. *See id.* Furthermore, Schultz has waived any such argument on appeal by failing to object to the trial court's action at the time it granted the motion and assigned the panel. *See id.*

■ Next, we address Schultz's argument that the trial court should have computed the fourteen-day striking period from the date she actually received the order because the CCS is "deficient" of any notice of when the trial court clerk sent the order to her. On April 11, 2002, the trial court granted Schultz's motion for change of judge, appointed the panel of judges, and gave the parties fourteen days to complete the striking process. That same day, the trial court clerk sent a copy of the trial court's order to counsel for each party. Schultz claims to have received the trial court's order on April 17, 2002. Schultz filed her motion to strike a judge on April 24, 2002. Wolfe did not file a motion to strike a judge, and Schultz did

not request the clerk to strike a judge for Wolfe. On May 1, 2002, the trial court vacated its order granting Schultz's motion for change of judge and resumed jurisdiction.

■ Schultz acknowledges that she, as the movant of the motion for change of judge, had the burden of making a timely request to the trial court clerk to strike for the non-movant, Wolfe, after he failed to strike a name from the panel. *See State ex rel. Smith v. Lake Superior Ct.,* 531 N.E.2d 213 (Ind.1988); *Pruden v. Trabits,* 175 Ind.App. 219, 370 N.E.2d 959 (1977). Schultz also recognizes that the fourteen-day striking period usually runs from the day that the trial court clerk mails a copy of the trial court's order to the parties. *See Trojnar v. Trojnar,* 698 N.E.2d 301, 303 (Ind.1998). Schultz argues, however, that the time to file a request with the trial court clerk had not yet expired because the CCS did not reflect the date that the trial court clerk sent notice of the trial court's order. Specifically, Schultz contends that because the CCS was "deficient of any notes that would give any clear indication of when the April 11, 2002 order from the court [granting the change of judge] was mailed." Appellant's Brief at 18. Thus, Schultz argues that the trial court should not have started the running of the fourteen-day striking period on April 11, 2002, but instead should have commenced it on April 17, 2002, the day she claims to have received notice of the trial court's order. To support her argument, Schultz cites to *State ex rel. Sargent and Lundy v. Vigo Superior Ct.,* 260 Ind. 472, 296 N.E.2d 785 (1973).

In *Sargent,* the trial court granted a motion for change of venue and named a panel of counties from which each party was to strike a county. *Sargent,* 296 N.E.2d at 786. The movant did not receive notice of the trial court's order, but

he learned of it when he saw a copy of a co-defendant's order, which was postmarked five days after the trial court granted the motion. *Id.* The trial court resumed jurisdiction after the movant failed to strike a county within the requisite striking period, which the trial court calculated from the date it granted the change of venue motion. *Id.* The movant appealed, arguing that the trial court's resumption of jurisdiction was premature because the trial court should have started the running of the striking period from the postmarked date of the order. *Id.* The trial court argued that its computation of time from the date of granting the order was correct because the trial court's "journal record" or "minute book" showed that the order had been mailed to the parties on the day the order was granted. *Id.*

Our supreme court held that the trial court's resumption of jurisdiction was premature. *Id.* Our supreme court held that the trial court's minute book, which contained only a check mark with a circle around it, contained no written statement that notice was given to the parties, and was not kept by the trial court clerk, was insufficient to reflect the date that the trial court clerk mailed the order to the parties. *Id.* at 787. Our supreme court also noted that the trial court's docket, which was kept by the trial court clerk, did not contain any notice that the trial court's order had been sent to the parties. *Id.* at 786. Therefore, our supreme court held that the time for the movant to complete striking should have been calculated from the date that the trial court clerk sent the order, or five days after the trial court granted the order, which was evidenced by the postmarked date of the co-defendant's order. *Id.* at 786–787.

Schultz's reliance on *Sargent* is misplaced. Here, the CCS is sufficient to show when the trial court clerk sent the

trial court's order granting change of judge to the parties. Specifically, the CCS entry for April 11, 2002 provides:

> Order entered granting Motion for Change of Venue from Judge. Panel named: Honorable King, Honorable Wayne Steele, and Honorable Michael Shurn. Order. RJO. *Copy to counsel.*

Appellant's Appendix at 3 (emphasis added). Thus, the CCS sufficiently reflects that the trial court clerk sent a copy of the trial court's order and the panel to counsel for each party on April 11, 2002, the same day that the trial court granted the order. *See, e.g., Collins v. Covenant Mut. Ins. Co.,* 644 N.E.2d 116, 118 (Ind.1994) (finding that a CCS entry of "1/31/91 Notice Y," which preceded a description of the trial court's order and entry was sufficient to show that clerk had mailed notice of that order and entry). Therefore, we reject Schultz's argument that the CCS was deficient of any notice of when the trial court clerk sent the order to her and reject her argument that the trial court should have computed the fourteen-day striking period from the date Schultz actually received the order. Consequently, the trial court did not abuse its discretion when it vacated its prior order granting Schultz's motion for change of judge and resumed jurisdiction of the case.

For the foregoing reasons, we affirm the trial court's order vacating its prior order granting Schultz's motion for change of judge and resuming jurisdiction of the case.

Affirmed.

BROOK, C.J. concurs.

BAKER, J. concurs with separate concurring opinion.

BAKER, Judge concurring.

While I agree that my colleagues have correctly recounted the present state of the law in this instance, I write separately to express my views regarding the pitfalls that are inherent as the result of today's decision. In the circumstances presented here, Schultz maintains that she did not receive the order appointing the panel until April 17, 2002. Her act of striking one of the judges on the thirteenth day before the period was to expire, in effect, afforded Wolfe no time to respond and strike one of the panel members before the original court resumed jurisdiction.

Such a result is troubling because the provisions of T.R. 79 effectively invite a certain amount of justice by ambush and perpetuate a rule that simply encourages a race to the courthouse in some instances. As Justice Dickson observed in his dissent in *State ex rel. Smith v. Lake Superior Ct.,* 531 N.E.2d 213, 215 (Ind.1988), a case involving the change of venue requirements under T.R. 76, a party charged with responding to such a motion might avoid participation in the striking process until the expiration of the time period and race to the courthouse the next morning to file a motion to reassume jurisdiction. Similarly, the movant might join the race and seek to precede his opponent's motion by first filing his request for the clerk to strike.

The same problems persist in cases that involve a change of judge under T.R. 79. Simply put, the present state of the law creates the potential for inviting intolerable "gotcha" litigation tactics. *See Wilson Fertilizer & Grain, Inc. v. ADM Mill. Co.,* 654 N.E.2d 848, 856 (Ind.Ct.App.1995) (Kirsch, J., concurring and dissenting) (disagreeing with the majority's application of the law to the facts enabling appellee-defendant to play and win "the latest version of 'Legal Gotcha'" and receive goods that it had ordered without paying for them); *Salcedo v. Asociacion Cubana,* 368 So.2d 1337, 1339 (Fla.Dist.Ct.App.

1979) (condemning "gotcha" litigation tactics); *Thomas v. City of Miami Beach,* 753 So.2d 591, 591 (Fla.Dist.Ct.App.2000) (disapproving of "gotcha" administrative practices); *see also In re Marriage of Tearman,* 617 N.E.2d at 977 (observing that the purpose of permitting a credit against the non-custodial parent's basic support obligation for educational support costs is to avoid double payment of the same expense resulting in a windfall for the custodial parent).

That said, it is apparent to me that the only alternative available to avoid such tactics in cases involving the striking process under T.R. 79, is for the moving party to tender a motion to the clerk's office simultaneously with the first strike and request the clerk to strike one of the judges if the opposing party does not do so in a timely fashion. In the event that the moving party does not undertake such a corrective measure, the various "gotcha" litigation techniques that have been condemned by our courts may become more commonplace in T.R. 79 cases as the rule is currently written and interpreted.