Filed March 2, 1886.

———————◇———————

No. 12,133.

CLEMANS, ADMINISTRATOR, *v.* BUFFENBARGER.

COSTS.—*Motion to Stay Proceedings Until Costs of Former Action are Paid.*— *Practice.*—*Presumption.*—A motion to stay proceedings until the costs of a former suit, involving the same questions, which had been dismissed, have been paid, should be sustained, unless the presumption that the second action is vexatious is removed by a showing.

From the Noble Circuit Court.

*C. Clemans* and *L. W. Welker*, for appellant.

*A. A. Chapin, R. P. Barr* and *T. M. Eells*, for appellee.

ELLIOTT, J.—The appellee moved the court to stay proceedings in this action until the costs of a former suit should be paid, and the trial court ruled in favor of the appellee. On this ruling error is assigned. The statements of the affidavit filed by the appellee in support of the motion are, in substance, as follows:

That, on the 17th day of October, 1878, William Line commenced an action against the defendant for the same cause of action set forth in the plaintiff's complaint in the present suit; that afterwards, on his own application, the plaintiff, as administrator of the estate of Thomas Line, was substituted as plaintiff; that, subsequently, he applied for and obtained a change of venue to DeKalb county; that at the December term, 1883, of the DeKalb Circuit Court, the cause was set down for trial and the defendant appeared, but the plaintiff thereupon voluntarily dismissed the case, and judgment was rendered in favor of the appellee for costs, in the sum of $84.80, which sum is unpaid. The affidavit further states that the defendant has been put to great expense and trouble in attending court since October, 1878, and has expended money in procuring the attendance of witnesses. The substance of the affidavit filed by the appellant is this: That the former suit was commenced by William Line and Thomas Line; that after it was commenced Thomas Line died; that appellant was substituted as plaintiff; that he did dismiss that suit for the reason that the ownership of the mortgage sued on was involved; that there was only a parol assignment, and the assignor was not a party to the suit; that there are different parties to the present action; that the former suit was dismissed because the assignor of the mortgage was not a party; that there has been no attempt to prosecute this suit maliciously, and the plaintiff has a meritorious cause of action.

The ruling of the trial court was right. The affidavit of the appellee shows vexatious proceedings on the part of the appellant, and the counter-affidavit does not meet its statements. The reason assigned for the dismissal of the first suit is unsatisfactory; for, if no question had been made as to parties, the appellant could unquestionably have enforced his mortgage, because the failure to present the question of defect of parties by plea or demurrer is a waiver. But, aside

from this, there is another reason why the excuse offered by the appellant must be deemed unavailing, and that is this: If he deemed new parties necessary, he should have made the proper application to the trial court in due season, and not have vexed the appellee by the protracted litigation.

If the failure to pay costs was owing to the lack of means in appellant's hands as administrator, that fact ought to have been shown. For anything that appears, the appellant had abundant means in his hands as administrator, and an administrator with means at his command can not be allowed to vex another by repeated actions unless he first pays the costs in the first action.

Where a second action is commenced, the presumption is that it is vexatious, and the burden of removing this presumption rests on the plaintiff. *State, ex rel., v. Howe,* 64 Ind. 18; *Kitts v. Willson,* 89 Ind. 95. In this instance this presumption is not overcome.

Judgment affirmed.

