### COOPER v. COOPER ET AL.

[No. 26,978. Filed January 18, 1938.]

*Orph M. Hall,* for appellant.

*Joe W. Loudermilk,* for appellees.

HUGHES, J.—The appellant filed his complaint in two paragraphs against the appellees in the lower court. Appellee, John W. Cooper filed a motion to require the plaintiff, appellant, to pay costs accrued in former actions, which appellee charged were the same as the present action, before proceeding with the present action. The appellee alleged in his motion that the action was vexatious in that it was the same action as a number of other actions which had been filed by appellant in different courts where they had been tried and judgments rendered in favor of appellee. The appellee asked that a day be fixed by the court for plaintiff to pay the court costs in all of said actions and that on failure to pay said costs on or before said time that this cause be dismissed. To this motion the appellant filed a verified answer. On the 27th day of November, 1935, the motion was heard and the court found in favor of appellee and decreed and ordered that no further steps be taken until the appellant, plaintiff, pay all costs in all

former actions. The appellant was not present when this judgment was rendered, but there was a finding by the court that he had been notified of the time of hearing said motion. On December 31, 1935, the appellant filed a verified motion to set aside the judgment requiring to pay costs of former actions. A hearing was had on this motion, evidence was heard, and the motion to set aside the judgment was overruled. A motion was then filed by appellee to dismiss the cause of action of appellant for failure to pay costs of former actions. The motion was sustained and cause dismissed. From this action of the court appellant took an exception and appealed.

The appellant assigns errors as follows:

1. The court erred in proceeding to and having a hearing on November 27, 1935, without first notifying appellant or appellant's attorney of a hearing on appellees' motion to stay proceedings until costs of previous actions between appellant and appellee had been paid.

2. The court erred in rendering judgment on November 27, 1935, that the appellant should and would not proceed further with his cause of action, when at the same time the cause of action was against Mary Cooper, appellee as well as against appellee, John W. Cooper.

3. The court erred in rendering judgment on November 27, 1935, against appellant proceeding further in this cause until costs of former actions were paid, when at the same time there was no action on file by appellee Mary Cooper to stay cause of proceedings.

4. The court erred in overruling appellant's motion on January 2, 1936, to set aside the judgment rendered against appellant on November 27, 1935, to not proceed further in this action until all costs of former proceedings between John W. Cooper, appellee and William E. Cooper, appellant had been paid in full.

5. The court erred in overruling appellant's motion

to set aside his ruling, order and judgment of November 27, 1935, staying appellant's said cause against appellee Mary Cooper.

6. The court erred in dismissing appellant's cause of action on January 2, 1936, as to each of the appellees upon the motion of the appellees, John W. Cooper and Mary Cooper.

7. The court erred in sustaining the motion of the appellee, John W. Cooper to dismiss appellant's cause of action on January 2, 1936, as to appellee, John W. Cooper and Mary Cooper and each of them.

The history of the facts in this case goes back to December 18, 1879, when it is alleged the following memorandum was made:

"Merom, Indiana, December 18, 1879, received of William Cooper $4,000.00 to be held in trust with interest from date until paid by T. P. Cooper or John W. Cooper or both. T. P. Cooper."

It is alleged in one of the actions filed that John W. Cooper orally and verbally agreed to accept said trust. Since 1879 there have been many ramifications relating to the above instrument.

In the Daviess Circuit Court, September Term, 1913, William Cooper, appellant, filed a claim against the estate of Thomas P. Cooper and John W. Cooper on the above memorandum and declared in the claim as a declaration of trust. On October 3, 1913, after trial, judgment was rendered for the defendants.

At the November Term, 1919, of the Sullivan Circuit Court, William Cooper filed a complaint against John W. Cooper alleging that he, the plaintiff, of August 24th, 1878, executed to the defendant a note for $875.00; that he made several payments on the note, but the defendant, John W. Cooper, failed to make any credits on the note; that in 1887 the defendant filed suit against the plaintiff, William Cooper and recovered

judgment in the sum of $1,900.00; that at the time of the trial he had lost the receipts given him by John W. Cooper for said payments so made; that in 1887, $1,-300.00 remained unpaid on said judgment and he paid said balance to John W. Cooper with the understanding that if he ever found the receipts the said John W. Cooper would repay to him the amount paid with 10% interest, that on November 9, 1917, the receipts were found and payment demanded of John W. Cooper, but he refused to pay. He asked judgment in the sum of $9,880.00.

On October 21, 1920, the appellant filed a complaint against appellee, John W. Cooper, in the Sullivan Circuit Court, alleging that on December 20, 1879, he deposited with John W. Cooper and Thomas P. Cooper the sum of $4,000.00 to be held in trust for the appellant.

On April 11, 1921, the appellant filed a complaint against the appellee, John W. Cooper, in the Sullivan Circuit Court, alleging that on December 22, 1879, he, the appellant had a large sum of money, to wit: $4,-000.00, and that appellant and appellee and a third brother, Thomas P. Cooper, entered into an agreement to purchase certain real estate and that he was to furnish $4,000.00, which was one-half of the purchase price; that John W. Cooper and Thomas P. Cooper were to and did take title to the real estate and was to hold one undivided half in trust for him. He asked that a trust be declared in one-half of said real estate and that a commissioner be appointed to convey to him said one-half. This cause was venued to Greene County and judgment rendered in favor of defendant.

On July 30, 1925, the appellant filed a complaint in the Sullivan Circuit Court in two paragraphs. The first paragraph to quiet title to the same real estate described in last complaint and the second on claim of $4,000.00 which was alleged to be held in trust for him by John

W. Cooper and T. P. Cooper since 1879. Judgment was rendered in favor of defendant and affirmed by the Appellate Court. *Cooper* v. *Cooper* (1935), 100 Ind. App. 252, 193 N. E. 722.

The complaint in the present action was filed June 17, 1935. The first paragraph of complaint alleged that on August 29, 1878, the plaintiff was indebted to the defendant in the sum of $875.00; that said indebtedness was paid in full to the said John W. Cooper and a receipt of payment was given to the plaintiff, but that he lost said receipt; that in November, 1883, John W. Cooper claimed that said payments had not been made and brought suit on said note against plaintiff in the Sullivan Circuit Court and recovered judgment in the sum of $1,660.77; that afterwards said judgment was paid in full by the plaintiff conveying to John W. Cooper certain real estate; that the said John W. Cooper agreed that if the plaintiff ever found the receipts which John W. Cooper had given him then the said John W. Cooper would repay to him all the money he had paid on said judgment; that on the ...... day of September, 1919, he found the receipts that were executed by John W. Cooper, showing that said note was fully paid; that by reason of said aforesaid facts the defendants now hold title to the real estate so conveyed in trust for plaintiff and asked that a trust be declared in the undivided interest in said land and a commissioner be appointed to make a conveyance.

The second paragraph contained practically the same allegations as contained in the complaint filed on April 11, 1921, as heretofore set out.

It is apparent that all of the causes of actions filed and tried in the different courts by the plaintiff against the defendant, John W. Cooper, were of the same matter and facts as set out in the present complaint. The same parties have been involved except in this case the wife of John W. Cooper is made a party

due to the interest it is alleged she had in certain real estate. The costs accrued in the actions filed amount to near five ($500.00) hundred dollars. Different firms of attorneys have represented plaintiff in each action. In some minor details some of the allegations in the complaints are different from each other, but in substance the subject matter is the same in each complaint and between the same parties. It is well settled that, where a second or more actions are vexatiously brought by and between the same parties for the same cause, the court will by order stay the proceedings on the second action until the costs of the former action are paid. *The State* v. *Curtis* (1878), 64 Ind. 18; *Carrothers* v. *Carrothers* (1886), 107 Ind. 530, 8 N. E. 563. And, "where a second action is commenced, the presumption is that it is vexatious and the burden of removing this presumption rests on the plaintiff." *Clemans, Admr.* v. *Buffenbarger* (1886), 106 Ind. 16, 5 N. E. 548; *Carrothers* v. *Carrothers, supra.*

The motion of the defendant to stay the proceedings until the costs in previous actions were paid was set for hearing on November 27, 1935. The deputy clerk testified that he notified the appellant's attorney of the time of hearing of said motion and the court found that notice had been given to the attorney of defendant. The attorney filed an affidavit that he did not receive any notice, but the deputy clerk swore that he mailed notice to the attorney. The court weighed this evidence and found that notice had been given and as to this the rule prevails that this court will not weigh conflicting evidence. The attorney for the defendant lived in Terre Haute, some distance from Sullivan. As far as the record disclosed, he did not have any local counsel. It is not necessarily the duty of either the clerk or judge to keep counsel advised of each step taken in a case. When an attorney appears in court for a client it then becomes his duty to keep advised of the progress

of the case. He is the one who is primarily responsible for the conduct of the cause of his client.

The different actions filed by the plaintiff against the defendant is shown by the evidence and the court had before it the present complaint. It was the judgment of the court that all the actions were practically the same and between the same parties. This being true the present action was clearly vexatious and the court had the power to render judgment against the appellant to pay the costs in the previous actions before proceeding further in the present action. As this was not done the court had the further right to dismiss the action.

Finding no reversible error, the judgment is affirmed. Judgment affirmed.