**J. L. ENOCHS, District Director of Internal Revenue, Appellant,**

v.

**T. U. SISSON, Appellee.**

**No. 18979.**

United States Court of Appeals
Fifth Circuit.

April 4, 1962.

---

Robert E. Hauberg, U. S. Atty., E. R. Holems, Jr., Asst. U. S. Atty., Jackson, Miss., Thomas A. Frazier, Atty., Dept. of Justice, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, Carolyn R. Just, Daniel K. Mayers, Attys., Dept. of Justice, Washington, D. C., for appellant.

G. E. Estes, Jr., Gulfport, Miss., for appellee.

Before RIVES, CAMERON and BELL, Circuit Judges.

PER CURIAM.

The question presented by this appeal is whether a summary judgment granted before the expiration of ten days after the time fixed for hearing is a valid judgment. Appellee Sisson filed this action for a refund of taxes for the calendar years 1953 and 1954 under the Federal Insurance Contribution Act. After the appellant Enochs, District Director of Internal Revenue, had filed his answer, appellee moved for summary judgment with supporting affidavit. The record shows that the motion was served upon the appellant, but the certificate of service is omitted and it is not contended that any time was fixed for the hearing of the motion. Some months after the motion was filed the court below granted summary judgment in favor of appellee.

It is provided under Rule 56(c), Federal Rules of Civil Procedure, 28 U.S. C.A., that a motion for summary judgment "shall be served at least 10 days before the time fixed for the hearing." No time was ever fixed for the hearing of this motion, and it is undisputed that the trial court did not have any rule fixing such time. See Rule 78, F.R.Civ.P. We do not think that the order entered by the court below, in the absence of a notice to the appellant of the time fixed for the hearing, was within its juridiction under the quoted portion of Rule 56. And cf. also Rule 6, F.R.Civ.P., and Bowdidge v. Lehman, District Director of Immigration, 6 Cir., 1958, 252 F.2d 366.

The judgment appealed from is, therefore, vacated and the cause remanded.

Reversed and remanded.