STATE EX REL. MEEKS v. PORTER SUPERIOR COURT.

[No. 168S1. Filed March 19, 1968. Rehearing denied May 17, 1968.]

*George W. McCain,* of Gary, for relators.

*Winfield L. Houran,* of Valparaiso, *Edmond J. Leeney,* of Hammond, for respondents.

LEWIS, C. J.—The relators filed a verified petition for a writ of mandate against the Porter Superior Court and Hon. Russell Nixon, the Judge thereof.

On the 11th of May, 1960, an action to contest the will of Henry J. Kranz was filed in Lake Superior Court, being Cause No. 160-106. On November 21, 1961, one of the defendants Evellyn Drury, demanded a trial by jury. On October 9, 1962, plaintiffs in the Lake Superior Court action moved for a change of venue from the county. On the 15th of October, 1962, the action was venued to Porter Superior Court. On the 29th of November, 1962, the transcript and files in Cause No. 160-106, *supra,* were filed in the office of the clerk of the Porter Superior Court under Cause No. 19511. On October 5, 1967, the court ruled defendants in Porter Superior Court Action 19511, Albert C. Hand, as guardian ad litem, David L. Meeks, Donald T. Meeks, Clyde T. Meeks, Cora Meeks, and Loretta Coyle, Fred Kranz and John Kranz, and Evellyn Drury, file answer to plaintiff's complaint as amended by interlineation. On the 31st of October, 1967, the defendant-relators filed answer and cross-complaint and a motion for a change of venue from the county, and on the same day paid the costs necessary to perfect such change of venue. On December 8, 1967, Mercantile National Bank of Hammond, Administrator with the will annexed of the Estate of Henry J. Kranz, filed objections to the motion for change of venue from the county and motion to dismiss the cross-complaint. The court, having heard argument of counsel, overruled the motion for a change of venue from the county on December 29, 1967. The alternative writ of mandate was granted.

It is to be noted that this is an action to contest a will and was filed in Lake Superior Court on May 11, 1960. The

relators appeared by their attorney on May 23, 1960. This was the last action taken by the attorney and the relators until October 31, 1967. The record indicates this cause was set for trial in Lake Superior Court on June 2, 1960, May 29, 1961, and October 13, 1961. After the change of venue by the plaintiffs below, the case was set for trial in Porter Superior Court on May 31, 1967, and again on October 9, 1967. Finally, on October 5, 1967, the order book entry shows by agreement of parties in open court this cause is set for trial by jury on January 8, 1968.

As in the case of *State of Indiana ex rel. Elizabeth Brosman* v. *Whitley Circuit Court*, (1964), 245 Ind. 259, 198 N. E. 2d 3, the Supreme Court Rule 1-12B(3) is applicable and reads as follows:

> "Provided, however, in those cases where no pleading or answer may be required to be filed by the defending party to close issues (or no responsive pleading is required under a statute), each party shall have thirty (30) days after the filing of such case within which to request a change from the judge or the county."

The motion for a change of venue was not timely filed.

The motion for a change of venue was not timely filed, for a further reason. The plaintiffs had made a motion for a change of venue from Lake County and the case was filed in Porter County Superior Court on November 7, 1962. Paragraph 6 of the said Rule 1-12B of the Supreme Court reads as follows:

> "Provided further, in event a change is granted from the judge or county within the prescribed period, as stated above, a request for a change of judge or county may be made by a party still entitled thereto within ten (10) days after the special judge has qualified or the moving party has knowledge the cause has reached the receiving county or there has been a failure to perfect the change."

The motion for a change of venue was not made within ten days after October 5, 1967, and in addition Rule 1-12B of the Supreme Court, paragraph 7 reads as follows:

"Provided further, a party shall be deemed to have waived a request for a change of judge or county if a cause is set for trial before the expiration of the date within which a party may ask for a change, evidenced by an order book entry and no objection is made thereto by a party as soon as such party learns of the setting for trial. Such objection, however, must be made promptly and entered of record, accompanied with a motion for a change from the judge or county (as the case may be) and filed with the court."

The order book entry of the respondent judge shows that this case was set for trial by an entry made on October 5, 1967, for trial on January 8, 1968, by agreement of the parties in open court. The relators had not objected to the setting of the trial date, and waived therefore their right to a change of venue; see *State of Indiana ex rel. George Crosby* v. *Decatur Circuit Court* (1966), 9 Ind. Dec. 149, 219 N. E. 2d 898 [247 Ind. 567].

In the *Crosby* case, *supra,* there was also an original action in which the relator filed a verified petition for a writ of mandate for change of venue and cited therein Rule 1-12B (7) of the Supreme Court, the court holding that the relator waived his right to a change of venue by failure to comply with the provisions thereof.

The alternative writ of mandate heretofore issued is, therefore, dissolved and the permanent writ is denied.

Mote, Jackson, JJ. dissent.

NOTE.—Reported in 234 N.E.2d 848.