ABRAHAMSON CHRYSLER PLYMOUTH, INC., Appellant (Plaintiff Below),

v.

INSURANCE COMPANY OF NORTH AMERICA, Appellee (Defendant Below),

Lawrence Withrow, Appellee (Plaintiff, Cross-Claimant),

Chrysler Corporation, Appellee (Cross-Defendant Below).

No. 4–183A16.

Court of Appeals of Indiana, Fourth District.

Aug. 31, 1983.

**318**

John R. Kouris, Abrahamson, Reed & Tanasijevich, Hammond, for appellant.

James W. Roehrdanz, Galvin, Stalmack & Kirschner, Hammond, for appellee.

MILLER, Judge.

Plaintiff-appellant Abrahamson Chrysler Plymouth Inc. appeals to this court from a summary judgment (certified by the trial court as a final judgment pursuant to Ind. Rules of Procedure, Trial Rule 56(C)) in favor of Insurance Company of North America (INA), one of three defendants involved in the instant action. Abrahamson contends this judgment must be reversed because of 1) procedural errors regarding change of venue (requested but not perfected by defendant Chrysler Corp., who is *not* an active party to this appeal) and 2) lack of notice of the summary judgment hearing. While we conclude the court properly resumed jurisdiction after the change of venue from Lake County was not perfected, we agree with Abrahamson's contention it was entitled to notice of the hearing. We reverse in part and affirm in part.

### ISSUES

Abrahamson has framed the following issues for our disposition:

1. When a motion for a change of venue has been granted, but after the movant first strikes, the movant, the nonmovant, and the court clerk (on the nonmovant's behalf) fail to eliminate venue counties, is it error for the trial court to resume jurisdiction?

2. Did the trial court err when it granted summary judgment for INA, the movant, without giving Abrahamson, the nonmovant, notice of the hearing?

## FACTS

Abrahamson brought suit in Lake County Superior Court against Lawrence Withrow for the cost of repairing an automobile and against INA as Withrow's guarantor. Withrow brought a counterclaim against Abrahamson and joined Chrysler Corp. as a cross-defendant. Chrysler Corp. moved for a change of venue the day it answered Withrow's cross-claim, and the trial court granted the motion, naming Porter, Jasper and Newton counties. Chrysler Corp. struck Newton County, and the trial court ordered Abrahamson to strike. Three and a half months later, Abrahamson had not struck,[1] and INA moved for summary judgment. Counsel for INA sent a copy of the summary judgment motion and its supporting documents to Abrahamson but enclosed only a blank copy of the order setting the motion for hearing. Counsel evidently also forwarded copies of this blank order to the court and requested it be filled out and sent to all counsel of record as notice of hearing on the motion. There is no entry in the record that this notice was ever sent to anyone, and counsel for Abrahamson filed an affidavit with his motion to correct error denying he ever received it.

Only INA and Withrow were represented at the hearing on INA's motion. The trial court noted the aborted effort to change venue and granted final judgment pursuant to T.R. 56(C) in favor of INA on the issues presented. Abrahamson now appeals claiming the court erred in resuming jurisdiction and in granting the summary judgment without notice of the hearing.[2]

## DECISION

*Venue*

Abrahamson declares the trial court erred when it resumed jurisdiction over this case after the parties failed to perfect change of venue. Our first inquiry, of course, is what the parties herein actually did as compared with the proper procedure. The established venue procedure is found in Ind.Rules of Procedure, Trial Rule 76(9):

"Whenever a change of venue from the county is granted, if the parties to such action shall agree in open court, within three [3] days from the granting of the motion or affidavit for the change of venue, upon the county to which the change of venue shall be changed, it shall be the duty of the court to transfer such action to such county. In the absence of such agreement, it shall be the duty of the court within two [2] days thereafter to submit to the parties a written list of all the counties adjoining the county from which the venue is changed, and the parties within seven [7] days thereafter, or within such time, not to exceed fourteen [14] days, as the court shall fix, shall each alternately strike off the names of such counties. The party first filing such motion shall strike first, and the action shall be sent to the county remaining not stricken under such procedure. If a moving party fails to so strike within said time, he shall not be entitled to change of venue, and the court shall resume general jurisdiction of the cause. *If a nonmoving party fails to strike off the names of such*

---

1. After reviewing the record, it is questionable whether notice that the motion for change of venue was granted was sent to Abrahamson. However, Abrahamson does not assert such point as error and, in fact, argues against the trial court's alleged error on the venue question from the standpoint of one who was prejudiced from having *relied* on the grant of the motion. We, therefore, must assume Abrahamson at least had actual knowledge of the change despite the absence of mention in the record that notice was sent.

2. We note that on the date of the summary judgment hearing, the court, for the first time on the record, declared, "I'm going to show the Court reassumes jurisdiction..." (Supp. Record) for the reason that change of venue had not been perfected. Neither party here argues that when the trial court set the hearing date on the motion for summary judgment, it lacked the jurisdiction to do so as it had not yet resumed jurisdiction of the cause. Therefore, we do not feel compelled to address the problem.

*counties within the time limited, then the clerk shall strike off such names for such party."* (Emphasis added.)

In this case, the moving party, Chrysler Corp., did indeed first strike. However, in contrast to T.R. 76(9), Abrahamson did not strike the next county nor did the court clerk. Abrahamson now claims the trial court cannot resume jurisdiction because Abrahamson relied, to the detriment of its procedural rights, upon venue being changed. We agree there was error when the clerk failed to strike after Chrysler Corp. eliminated Newton County, but we fail to see how Abrahamson, the *nonmovant,* was prejudiced.

■ Our primary difficulty with this case is that the movant, Chrysler Corp., is not a party to this appeal—the summary judgment involved herein was in favor of INA and against Abrahamson. Thus, neither party to this appeal had any real responsibility, under T.R. 76(9) or any other rule, to ensure that Chrysler Corp.'s change of venue was perfected. *See State ex rel. Crane Rentals, Inc. v. Madison Superior Court,* (1977) 266 Ind. 612, 365 N.E.2d 1224 (right belongs to *each* party and not a group). We perceive the burden to have been upon Chrysler Corp. to do so. *See, e.g., Pruden v. Trabits,* (1977) Ind.App., 370 N.E.2d 959 (movant has burden to timely request that the court clerk strike for nonmovants); T.R. 76(9) ("If a moving party fails to so strike within said time, he shall not be entitled to a change of venue....") It was error for the clerk not to strike after Abrahamson failed to do so, but it was Chrysler Corp.'s responsibility to rectify that particular problem, not the nonmovants'. When Chrysler Corp. failed to request that the clerk strike, it was *Chrysler Corp.* who had to bear the injury, not Abrahamson. In the absence of harm, Abrahamson is not entitled to reversal. *See* Ind.Rules of Procedure, Trial Rule 61; *United Farm Bureau Family Life Insurance Co. v. Fultz,* (1978) Ind.App., 375 N.E.2d 601.

■ Regardless, Abrahamson did have an opportunity to protect its allegedly abused rights by exercising its own right to change of venue under Ind.Rules of Procedure, Trial Rule 76(6), which offers the following succor to nonmoving parties:

"Provided further, in the event a change is granted from the judge or county within the prescribed period, as stated above, a request for a change of judge or county may be made by a party still entitled thereto within ten [10] days after the special judge has qualified or the moving party has knowledge the cause has reached the receiving county or *there has been a failure to perfect the change.* Provided, however, this subdivision (6) shall operate only to enlarge the time allowed for such request under such circumstances and it shall not operate to reduce the period prescribed in subdivisions (2), (3), (4) or (5)." (Emphasis added.)

Under these express provisions, Abrahamson could have moved for its own change of venue after Chrysler Corp. had failed to perfect its motion. *Cf., State v. Hancock Superior Court,* (1979) 270 Ind. 221, 383 N.E.2d 1042 (party still entitled to change of judge may so request within ten days of its receipt of knowledge the case has reached its venue county); *State ex rel. Meeks v. Porter Superior Court,* (1968) 250 Ind. 416, 234 N.E.2d 848 (nonmovant has ten days after it receives knowledge the venue has been changed to effect its own motion for change of venue). The record does not reveal that Abrahamson took advantage of T.R. 76(6), and, in the absence of such documentation, we must presume the record is accurate. *See State v. Hancock Superior Court, supra.* We interpret Abrahamson's failure to so protect its interests as a waiver of any of its complaints concerning the irregularity of the venue procedure here.

■ We also find the trial court properly resumed jurisdiction when Chrysler Corp. failed to have the striking of counties timely completed. *See Pruden v. Trabits, supra.* Any further proceedings will thus be properly conducted in Lake County, absent grounds set forth in Ind.Rules of Procedure,

Trial Rule 76(8) (discovering grounds after the prescribed time limitations).

*Summary Judgment Hearing*

When INA moved for summary judgment, it provided the trial court with blank orders which it requested the court to complete and forward to all counsel of record when the hearing date was set. The record exhibits no entry that such notice was ever sent.[3] Abrahamson admits receiving a copy of the motion and a blank order from INA but denies receiving a dated notice. In the affidavit accompanying its motion to correct error, Abrahamson denies knowledge of receiving such notice. INA's counter-affidavit merely asserts that INA's counsel forwarded sufficient blank notices to the court and received one such completed copy. The record reveals the order setting the date for hearing. INA does not contend the record also reveals that notice of said hearing was sent from the court or anyone else. Additionally, there is no evidence that Abrahamson had actual knowledge of the hearing. Under these circumstances, we must reverse.

 The essential principle at issue here is Abrahamson's due process rights as they arise pursuant to its position as a nonmovant in a motion for summary judgment. It seems fairly well established in Indiana that "[d]ue process requires that the notice given a defendant must . . . give him an opportunity to make a defense." *Skolnick v. State*, (1979) 180 Ind.App. 253, 388 N.E.2d 1156, *cert. denied* (1980) 445 U.S. 906, 100 S.Ct. 1085, 63 L.Ed.2d 323. This is,

of course, particularly true for service of process and other such notice of initial pleadings. *See, e.g., State ex rel. Red Dragon Diner, Inc. v. Superior Court of Marion County,* (1959) 239 Ind. 384, 158 N.E.2d 164 (appointing receiver); *Idlewine v. Madison County Bank & Trust Co.,* (1982) Ind.App., 439 N.E.2d 1198 (service of process); *Chesser v. Chesser,* (1976) 168 Ind. App. 560, 343 N.E.2d 810 (service of process). It is also true of proceedings *within* a lawsuit. *See, e.g. State ex rel. Sargent & Lundy v. Vigo Superior Court,* (1973) 260 Ind. 472, 296 N.E.2d 785 (change of venue); *Skolnick v. State, supra* (sanctions hearing in contempt proceedings); *Leinenbach v. Dairymen, Inc.,* (1975) 166 Ind.App. 80, 333 N.E.2d 910 (consolidating preliminary injunction hearing with trial on merits). The import of these cases requiring notice, in addition to initial service of process, is that a party is entitled to be informed of certain subsequent proceedings in order to give it an opportunity to be heard or to defend before the matter is finally concluded. In this case, we believe a motion for summary judgment is just such an intermediate proceeding requiring notice.[4]

 The issue to be decided herein is a refinement of that found in *Otte v. Tessman,* (1981) Ind., 426 N.E.2d 660, wherein our supreme court ruled that a hearing must be scheduled and held upon a motion for summary judgment. We feel it is no less imperative that the nonmovant be aware of *when* that hearing is to be held. Otherwise, the rule of law embodied in *Otte*

3. INA argues that the principle enunciated in *Cooper v. Cooper,* (1933) 213 Ind. 221, 12 N.E.2d 244, must be adhered to that once counsel has appeared for his client, he must keep himself apprised of all aspects of the case. The *Cooper* case was limited by our supreme court in *State ex rel. Sargent & Lundy v. Vigo Superior Court,* (1973) 260 Ind. 472, 296 N.E.2d 785. In that case, the court pointed out that the adoption of the trial rules shifted the attorney's burden somewhat by requiring the clerk of the trial court to issue certain notices. *See* Ind. Rules of Procedure, Trial Rule 5(B)(2), 72(D). T.R. 72(D) specifically mandates that the clerk serve notice of the entry of any ruling upon a motion, an order or a judgment. This explains our particular emphasis on the facts of this

case that the record fails to show the clerk here fulfilled that duty.

4. We do not perceive our ruling here as having any effect on T.R. 72(D) where it states that lack of notice, to be provided by the court clerk, does not extend the time for appeal. We require notice of a summary judgment hearing here in order to afford the nonmovant the opportunity to defend. An *appeal,* on the other hand, presupposes a defense has already been made but has failed. Thus, the ground for our holding here is inapplicable to that situation. *See, e.g., McIlwain v. Simmons,* (1983) Ind. App., 452 N.E.2d 430.

*v. Tessman* has no meaning. Having never received notice, Abrahamson is entitled to reversal for the abridgement of its due process rights. *See Barker v. Norman,* (5th Cir.1981) 651 F.2d 1107; *Enochs v. Sisson,* (5th Cir.1962) 301 F.2d 125; *see also Foster v. Littell,* (1973) 155 Ind.App. 627, 293 N.E.2d 790.

Affirmed in part, reversed in part, and remanded for further proceedings.

CONOVER, P.J., and YOUNG, J., concur.