## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANTS

Cherie Ramage
Fishers, Indiana

ATTORNEY FOR APPELLEE

Andrew M. Auersch
O'Conner & Auersch
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Everett E. Powell, et. al, <br> *Appellants-Defendants,* <br><br> v. <br><br> Green Tree Servicing LLC, <br> *Appellee-Plaintiff* | August 18, 2015 <br><br> Court of Appeals Case No. <br> 49A02-1411-MF-783 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Theodore M. Sosin, Judge <br> The Honorable Burnett Caudill, Commissioner <br><br> Trial Court Cause No. <br> 49D02-1208-MF-30828 |

**Bradford, Judge.**

# Case Summary

On April 28, 2006, Appellant-Defendant Everett E. Powell executed a note and mortgage on certain real estate located in Marion County. Powell is alleged to have subsequently defaulted on the terms of the note and, on August 1, 2012, Appellee-Plaintiff Green Tree Servicing LLC ("Green Tree")'s predecessor in interest initiated foreclosure proceedings. The foreclosure proceedings were stayed during bankruptcy proceedings involving Powell. The stay was lifted on March 31, 2014. That same day, Green Tree filed a motion for summary judgment. Green Tree subsequently requested a hearing on its motion for summary judgment. The original date of the hearing was continued per Powell's request. However, the copy of the trial court's order granting Powell's request that was distributed to Powell was silent as to the new date and time of the summary judgment hearing.

On August 25, 2015, the trial court conducted a hearing on Green Tree's motion for summary judgment. That same day, the trial court issued an order granting Green Tree the requested relief. Neither Powell nor his attorney were present for the summary judgment hearing. Powell subsequently filed an Indiana Trial Rule 60(B) motion seeking relief from the trial court's August 25, 2014 summary judgment order. Powell appeals following the trial court's denial of this motion.

Concluding that the trial court abused its discretion in denying Powell the relief requested in his Indiana Trial Rule 60(B) motion because Powell's due process rights were violated when the trial court failed to provide Powell with notice of the date and time of the rescheduled summary judgment hearing, we reverse the

judgment of the trial court and remand with instructions for further proceedings.

# Facts and Procedural History

[4]     On April 28, 2006, Powell executed a note and mortgage on certain real estate to Mortgage Electronic Registration System, Inc. as nominee for America's Wholesale Lender. The mortgage was assigned to Bank of America N.A. ("Bank of America") on May 21, 2012. Bank of America initiated foreclosure proceedings on August 1, 2012, after Powell defaulted on repayment of the note. During the course of foreclosure proceedings, Green Tree obtained Bank of America's interest in the matter and was substituted as the plaintiff in the foreclosure proceedings. The foreclosure proceedings were stayed during bankruptcy proceedings which involved Powell. The stay was lifted on or about March 31, 2014.

[5]     Also on March 31, 2014, Green Tree filed a motion for summary judgment. Green Tree subsequently requested that the trial court set a hearing on its motion for summary judgment. The trial court granted Green Tree's request and scheduled a hearing for June 25, 2014.

[6]     On June 19, 2015, Powell filed an unopposed motion for a continuance of the June 25, 2014 summary judgment hearing. On June 24, 2014, the trial court granted Powell's request for a continuance and issued the following order:

## ORDER ON UNOPPOSED MOTION FOR
## CONTINUANCE

>COMES NOW, Defendant, having filed his Unopposed Motion for Continuance. And the Court, having read said motion and being duly advised in the premises, now finds that said motion shall be granted.
>
>IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, by this Court that the Summary Judgment Hearing set for June 25, 2014 is hereby continued until the _____ day of _____, 2014 at _____ o'clock.

Appellant's App. p. 3. The copy of the trial court's order granting the continuance which was distributed to Powell did not include any notification as to the date and time of the rescheduled summary judgment hearing.

[7] On August 25, 2014, the trial court conducted a hearing on Green Tree's motion for summary judgment. Neither Powell nor his counsel were present for the August 25, 2014 hearing. Following the conclusion of the hearing, the trial court issued an order in which it granted Green Tree's motion for summary judgment.

[8] On September 3, 2014, Powell filed a verified motion seeking to set aside the trial court's summary judgment order. Green Tree filed a response in opposition to Powell's motion. The trial court conducted a hearing on Powell's motion to set aside the summary judgment order on October 20, 2014. On November 3, 2014, the trial court issued an order denying Powell's motion to set aside the summary judgment order. This appeal follows.

# Discussion and Decision

Powell contends on appeal that the trial court abused its discretion in denying his Trial Rule 60(B) motion for relief from the trial court's order granting summary judgment in favor of Green Tree. For its part, Green Tree contends that the trial court acted within its discretion in denying Powell's motion.

## I. Relevant Legal Authority

### A. Standard of Review

"The decision of whether to grant or deny a Trial Rule 60(B) motion for relief from judgment is within the sound, equitable discretion of the trial court." *Dempsey v. Belanger*, 959 N.E.2d 861, 867 (Ind. Ct. App. 2011) (citing *Stonger v. Sorrell*, 776 N.E.2d 353, 358 (Ind. 2002)). We will not reverse a denial of a motion for relief from judgment in the absence of an abuse of discretion. *Id.* (citing *Stronger*, 776 N.E.2d at 358).

### B. Trial Rule 56 – Summary Judgment

Indiana Trial Rule 56(C) provides, in relevant part, as follows:

> **Motion and proceedings thereon.** The motion and any supporting affidavits shall be served in accordance with the provisions of Rule 5. An adverse party shall have thirty (30) days after service of the motion to serve a response and any opposing affidavits. The court may conduct a hearing on the motion. However, upon motion of any party made no later than ten (10) days after the response was filed or was due, the court shall conduct a hearing on the motion which shall be held not less than ten (10) days after the time for filing the response. At the

time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto. The judgment sought shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.… Summary judgment shall not be granted as of course because the opposing party fails to offer opposing affidavits or evidence, but the court shall make its determination from the evidentiary matter designated to the court.

## C. Trial Rule 60 – Relief from Judgment or Order

[12] Indiana Trial Rule 60(B) provides, in relevant part, as follows:

**Mistake--Excusable neglect--Newly discovered evidence--Fraud, etc.** On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;
(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;
(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

**\*\*\*\***

(6) the judgment is void;

(7) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

"A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense." Ind. Tr. R. 60(B).

# II. Analysis

[13] Again, Powell appeals following the trial court's denial of his verified motion to set aside the trial court's order granting summary judgment.[1] Powell argues on appeal that the trial court erred in denying his motion to set aside the court's prior order because he was entitled to relief under Indiana Trial Rule 60(B).

---

[1] We note, however, that Powell failed to provide this court with both a copy of his motion and the trial court's denial of said motion. We take this opportunity to remind Powell's counsel that pursuant to Indiana Appellate Rule 46(A)(10), an Appellant's brief "*shall* include any written opinion, memorandum of decision or findings of fact and conclusions thereon relating to the issues raised on appeal." (Emphasis added). In addition, Indiana Appellate Rule 50(A) provides that the Appellant's Appendix "*shall* contain a table of contents and copies of the following documents … (b) the appealed judgment or order, including any written opinion, memorandum of decision, or findings of fact and conclusions thereon relating to the issues raised on appeal … (f) pleadings and other documents from the Clerk's Record in chronological order that are necessary for resolution of the issues raised on appeal … (h) any record material relied on in the brief unless the material is already included in the Transcript." (Emphasis added).

For its part, Green Tree argues that the trial court both properly granted its motion for summary judgment and denied Powell's Trial Rule 60(B) motion.

[14] In challenging the trial court's denial of his Trial Rule 60(B) motion, Powell argues that the trial court's order granting summary judgment in favor of Green Tree should be found to be void because the trial court violated his due process rights by failing to provide him with notice of the date and time of the summary judgment hearing. In support of his argument, Powell relies on our prior opinion in *Abrahamson Chrysler Plymouth, Inc. v. Insurance Company of North America*, 453 N.E.2d 317 (Ind. Ct. App. 1983). In *Abrahamson*, the appellant appealed an order granting summary judgment against it, claiming that it never received notice of the date or time of the summary judgment hearing. *Id*. at 319. Upon review, we observed that the essential principle at issue was Abrahamson's due process rights as they arose pursuant to its position as a nonmovant in a motion for summary judgment. *Id*. at 321. In considering the issue, we stated the following:

> It seems fairly well established in Indiana that "[d]ue process requires that the notice given a defendant must ... give him an opportunity to make a defense." *Skolnick v. State*, (1979) 180 Ind. App. 253, 388 N.E.2d 1156, *cert. denied* (1980) 445 U.S. 906, 100 S.Ct. 1085, 63 L.Ed.2d 323. This is, of course, particularly true for service of process and other such notice of initial pleadings. *See, e.g., State ex rel. Red Dragon Diner, Inc. v. Superior Court of Marion County*, (1959) 239 Ind. 384, 158 N.E.2d 164 (appointing receiver); *Idlewine v. Madison County Bank & Trust Co.*, (1982) Ind. App., 439 N.E.2d 1198 (service of process); *Chesser v. Chesser*, (1976) 168 Ind. App. 560, 343 N.E.2d 810 (service of process). It is also true of proceedings *within* a lawsuit. *See, e.g. State ex rel.*

> *Sargent & Lundy v. Vigo Superior Court*, (1973) 260 Ind. 472, 296 N.E.2d 785 (change of venue); *Skolnick v. State, supra* (sanctions hearing in contempt proceedings); *Leinenbach v. Dairymen, Inc.*, (1975) 166 Ind. App. 80, 333 N.E.2d 910 (consolidating preliminary injunction hearing with trial on merits). The import of these cases requiring notice, in addition to initial service of process, is that a party is entitled to be informed of certain subsequent proceedings in order to give it an opportunity to be heard or to defend before the matter is finally concluded. In this case, we believe a motion for summary judgment is just such an intermediate proceeding requiring notice.
>
> The issue to be decided herein is a refinement of that found in *Otte v. Tessman*, (1981) Ind., 426 N.E.2d 660, wherein our supreme court ruled that a hearing must be scheduled and held upon a motion for summary judgment. We feel it is no less imperative that the nonmovant be aware of when that hearing is to be held. Otherwise, the rule of law embodied in *Otte v. Tessman* has no meaning. Having never received notice, Abrahamson is entitled to reversal for the abridgement of its due process rights. *See Barker v. Norman*, (5th Cir. 1981) 651 F.2d 1107; *Enochs v. Sisson*, (5th Cir. 1962) 301 F.2d 125; *see also Foster v. Littell*, (1973) 155 Ind. App. 627, 293 N.E.2d 790.

[15]    *Id*. at 321-22 (emphasis in original, footnote omitted).

[16]    Green Tree attempts to distinguish *Abrahamson* by arguing that, in *Abrahamson*, the Indiana Supreme Court relied on a prior version of Indiana Trial Rule 56(C), which, unlike the current version, required the trial court to conduct a hearing on all motions for summary judgment. While it is true that the current version of Indiana Trial Rule 56(C) does not require that the trial court conduct a hearing in every case where a party has filed for summary judgment, it does require that the trial court conduct a hearing where, as is the case here, one of

the parties requests a hearing. *See* Ind. Tr. R. 56(C). We see no material difference between the situation where a hearing was required in any case where a party requested summary judgment and a case where a hearing was required because one of the parties requested a hearing on a pending summary judgment motion. As such, we find the reasoning set forth in *Abrahamson* to be persuasive because here, as in *Abrahamson*, the trial court was required to conduct a hearing on Green Tree's motion for summary judgment.

[17] The record demonstrates that, in granting Powell's request for a continuance of the originally scheduled summary judgment hearing, the trial court issued an order which read, in relevant part, as follows:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, by this Court that the Summary Judgment Hearing set for June 25, 2014 is hereby continued until the _____ day of _____, 2014 at _____ o'clock.

Appellant's App. p. 3. Again, the copy of the trial court's order granting the continuance which was distributed to Powell did not include any notification as to the date and time of the rescheduled summary judgment hearing. Likewise, nothing in the record indicates that the trial court ever issued a subsequent order which notified Powell of the date and time of the rescheduled summary judgment hearing.

[18] Like in *Abrahamson*, the essential principle at issue here is Powell's due process rights as they arise pursuant to his position as a nonmovant in a motion for summary judgment. *See Abrahamson*, 453 N.E.2d at 321. Also like in

*Abrahamson*, we conclude that it is no less imperative that a nonmovant be aware of when a summary judgment hearing is to be held than it is for the nonmovant to be aware of the motion itself. *See id*. Having never received notice of the date and time of the August 25, 2014 summary judgment hearing, Powell was entitled to reversal of the trial court's order granting summary judgment in favor of Green Tree because of the violation of his due process rights. *See id*. Accordingly, we conclude that the trial court abused its discretion in denying Powell's Trial Rule 60(B) motion requesting such relief.

## III. Instructions Relating to Proceedings on Remand

[19] As a matter of providing both the parties and the trial court with guidance on remand, we take a moment to examine whether Powell should have the opportunity in future summary judgment proceedings to introduce designated evidence in opposition to Green Tree's motion for summary judgment or merely to present argument in opposition to said motion. With respect to a request for an extension of the thirty-day time limit to file an objection to or to designate evidence in opposition of a motion for summary judgment, Indiana Trial Rule 56(I) provides that "[f]or cause found, the Court may alter any time limit set forth in this rule upon motion made within the applicable time limit." Indiana Trial Rule 56(F) further states that:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit

affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

[20] The Indiana Supreme Court has held that "[w]hen a nonmoving party fails to respond to a motion for summary judgment within 30 days by either filing a response, requesting a continuance under Trial Rule 56(I), or filing an affidavit under Trial Rule 56(F), the trial court cannot consider summary judgment filings of that party subsequent to the 30-day period." *Borsuk v. Town of St. John*, 820 N.E.2d 118, 124 n.5 (Ind. 2005) (citing *Desai v. Croy*, 805 N.E.2d 844, 848-49 (Ind. Ct. App. 2004)). The record on appeal demonstrates that Powell failed to respond to Green Tree's motion for summary judgment or request an extension of time to do so within thirty days of March 31, 2014, *i.e.*, the date that Green Tree filed its motion. Therefore, pursuant to the Indiana Supreme Court's opinion in *Borsuk*, going forward, Powell may not file any documents or designate any evidence in opposition to Green Tree's motion for summary judgment, the trial court could not have considered said documents. As a result, Powell is limited in future summary judgment proceedings to presenting argument relating only to the sufficiency of Green Tree's designated evidence.

## Conclusion

[21] Having concluded that the trial court abused its discretion in denying Powell's Trial Rule 60(B) motion for relief from the trial court's prior order granting summary judgment in favor of Green Tree, we reverse the judgment of the trial

court and remand the matter to the trial court for further proceedings which are conducted in a manner consistent with this opinion.

[22] The judgment of the trial court is reversed and remanded with instructions.

May, J., and Crone, J., concur.